**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| **UNITED STATE OF AMERICA** | |
| | **CASE No.: 5:21-CR-009** |
| **V.** | |
| **MARIA LETICIA PATRICIO, *et al.*** | |

**MOTION FOR ORDER ALLOWING THE GOVERNMENT**
**TO MAINTAIN CUSTODY OF SEIZED PROPERTY**
**PURSUANT TO 18 U.S.C. § 983(A)(3)(B)(ii)(II)**

The United States of America, by David H. Estes, Acting United States Attorney, and Xavier A. Cunningham, Assistant United States Attorney, for the Southern District of Georgia, hereby moves this Court for an order permitting the United States to maintain custody of property already in the government's lawful custody pending the resolution of this criminal case.  In support of its motion, the United States submits as follows:

1.     On October 5, 2021, a federal grand jury presiding in the Southern District of Georgia returned an indictment charging the following defendants:

MARIA LETICIA PATRICIO,
DANIEL MENDOZA,
NERY RENE CARRILLO-NAJARRO,
ANTONIO CHAVEZ RAMOS,
a/k/a, Tony Chavez,
JC LONGORIA CASTRO,
VICTORIANO CHAVEZ HERNANDEZ,
ENRIQUE DUQUE TOVAR,
JOSE CARMEN DUQUE TOVAR,
CHARLES MICHAEL KING,
STANLEY NEAL MCGAULEY,
LUIS ALBERTO MARTINEZ,
a/k/a, Chino Martinez,

DELIA IBARRA RO JAS,
JUANA IBARRA CARRILLO,
DONNA MICHELLE ROJAS,
a/k/a. Donna Lucio,
MARGARITA ROJAS CARDENAS,
a/k/a, Maggie Cardenas,
JUAN FRANCISCO ALVAREZ CAMPOS,
ROSALVA GARCIA MARTINEZ,
a/k/a, Chava Garcia,
ESTHER IBARRA GARCIA,
RODOLFO MARTINEZ MACIEL,
BRETT DONAVAN BUSSEY,
LINDA JEAN FACUNDO,
GUMARA CANELA,
DANIEL MERARI CANELA DIAZ,
CARLA YVONNE SALINAS,

(Collectively, the "Defendants") for several offenses including, violations of 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud), 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1594 (Conspiracy to Engage in Forced Labor, 18 U.S.C. § 1589 (Forced Labor), and 18 U.S.C § 1956(h) (Conspiracy to Commit Money Laundering).

2.      The Indictment contained a Forfeiture Allegation seeking forfeiture pursuant 18 U.S.C. §§§ 981(a)(1)(C), 982(a)(1), 1594(d), and 28 U.S.C. § 2461(c). which provides for the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any proceeds traceable to the violations alleged in the Indictment, as well as the forfeiture of substitute assets if the tainted assets cannot be located.

3.      On or about November 17, 2021, agents from the Department of Homeland Security – Homeland Secretary Investigations, the U.S. Department of State - Diplomatic Security Service, with significant support from various state and local law enforcement agencies, executed arrests warrants of the Defendants and

search and seizure warrant at various locations. During the execution of the warrants the Government seized the following assets which it identified as property subject to forfeiture:

- 1964 Chevy Impala, VIN 161540090097
- 1997 Mercedes E300D, VIN WDBJF20F8VA365187
- 2001 TRMO Unknown, VIN 1FT01JAH616001627
- 2006 Toyota 4 Runner, VIN JTEZU17R968043067
- 2014 Audi Q8, VIN WAUAGD4L2ED002678
- 2016 Chevy Express G3500, VIN 1GAZGPFG6G1154130
- 2011 Ford SRW Super Duty, VIN 1FTBF2BT6BED04675
- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307
- 2014 Jeep Grand Cherokee, VIN 1CRJFBG7EC497040
- 2015 Jeep Wrangler Sahara, VIN 1C4GJWBG2FL697235
- 2015 Ford Escape, VIN 1FMCU0GX7FUC40003
- 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539
- 2017 Ford F150 Super Crew, VIN 1FTEW1EF7HFA63841
- $402.00 in U.S. currency seized from Safe Deposit Box 330 at Prime South, Blackshear, GA
- $9,302.00 in U.S. currency seized from JC Castro at 1537 Tom Odum Rd, Vidalia, GA
- $10,500.00 in U.S. currency seized from 446 S Main St, Baxley, GA
- $14,800.00 in U.S. currency seized from Delia Rojas at 132B E. Bazell St, Reidsville, GA
- $1,100.00 in U.S. currency seized from Delia Rojas at 132B E. Bazell St, Reidsville, GA
- $7,592.00 in U.S. currency seized from Maria Patricio at 208 Nopalito Rd, Nicholls, GA

- $749.00 in U.S. currency seized from Monica Saavedra at 90 Nopalito Rd, Nicholls, GA
- $5,306.00 in U.S. currency seized from Graciela Gomez at 114 Pine Thicket Rd, Douglas, GA
- $4,400.00 in U.S. currency seized from Juan Ibarra Carrillo at 130 Red River Ln, Alma, GA
- $65,960.00 in U.S. currency seized from 96 Holland Rd, Tifton, GA
- $4,638.72 in U.S. currency seized from 410 W 6th St, Tifton, GA
- $20,432.00 in U.S. currency seized from 163 Johnson Lake Rd, Alma, GA
- $60,825.00 in U.S. currency seized from Safe Deposit Box 113 at FNB South, Alma, GA
- $394.00 in U.S. currency seized from 233 N Lanier St, Lyons, GA
- $251,680.00 in U.S. currency seized from Safe Deposit Box 70 at FNB South, Alma, GA
- $8,500.00 in U.S. currency seized from 233 N Lanier St, Lyons, GA
- $250.00 in U.S. currency seized from 233 N Lanier St, Lyons, GA
- $173.00 in U.S. currency seized from 233 N. Lanier St, Lyons, GA
- $1,600.00 in U.S. currency seized from 233 N. Lanier St, Lyons, GA
- $160.00 in U.S. currency seized from 233 N. Lanier St, Lyons, GA
- $1,660.00 in U.S. currency seized from 233 N. Lanier St, Lyons, GA
- $1,723.00 in U.S. currency seized from 233 N. Lanier St, Lyons, GA
- $2,000.00 in U.S. currency seized from 357 N. Lanier St, Lyons, GA
- $6,000.00 in U.S. currency seized from JC Castro at 1537 Tom Odum Rd, Vidalia, GA
- $1,616.00 in U.S. currency seized from JC Castro at 1537 Tom Odum Rd, Vidalia, GA

(Collectively, the "Seized Assets").

4.    On November 22, 2021, the Government filed a Bill of Particulars (Doc. 96) in order to comply with its notice requirements pursuant to the Federal Rules of

Criminal Procedure Rule 32.2. *See United States v. Strissel,* 920 F.2d 1162, 1166 (4th Cir.1990) (A bill of particulars is an appropriate way to pinpoint certain assets, noted in the indictment, as subject to forfeiture.)

5.     In the matter hand, the United States has chosen to commence a criminal action containing a forfeiture allegation related to property traceable to offenses alleged in the Indictment, therefore the United States must now "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." *See* 18 U.S.C. § 983(a)(3)(B)(ii)(II).  To achieve this goal, the Government files the present motion.

6.     The applicable criminal forfeiture statute here is Title 21, United Sates Code, Section 853.  Title 21, United States Code, Section 853 outlines several methods that a court may employ to preserve property for the purpose of criminal forfeiture, including, the issuance of a seizure warrant, restraining order or injunction, or  "any other action to preserve the availability of the property . . . for forfeiture."  21 U.S.C. § 853(e)(1) & (f).

7.     A seizure warrant, restraining order or injunction is not required for the Government to maintain custody of property already in its custody. The Government only needs to obtain a criminal indictment containing a forfeiture allegation and represent that it will preserve the property in custody in order to obtain a 21 U.S.C. § 853(e) court order for the maintenance of property in the Government's custody. *See, e.g., United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013).  If property is already in Government custody, a Section

853(f) seizure warrant is not necessary or appropriate. *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1325-1326 (M.D. Fla. 2001).

8.     Instead, a court may appropriately issue an order that permits the United States to maintain the seized property in Government custody until the resolution of the criminal case:

> Where the Government [represents that it has taken seized property into custody for purpose of forfeiture and that it will preserve that property until resolution of criminal case and related criminal forfeiture proceedings], the only court order needed to preserve the Government's right to maintain custody of the property for the purposes of Section 983(a)(3)(B)(ii)(II) is a 'housekeeping' order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded.

*See United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013) (quotations omitted). The 21 U.S.C. § 853(e)(1) provision that authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture "applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal search and seizure warrants, and State search warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II)." *See United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007). In *Standridge*, the court entered an order preserving seized funds for forfeiture where the Government had obtained a criminal indictment containing an allegation that the property was subject to forfeiture and took steps necessary to preserve the Government's right to maintain custody of the seized property under 21 U.S.C. § 853(e) by filing a motion for an order to continue to maintain custody of property. *See United States v. Standridge*, 2007 WL 2572207, at

*2 (M.D. Fla. Sept. 5, 2007). If property is already in Government custody, a court cannot issue a seizure warrant and is not required to issue an injunction or restraining order, but only an order that will "assure the availability of the property." *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d at 1325.

10.     Because the Government previously took the Seized Assets into custody for forfeiture and hereby represents that it will preserve it for forfeiture, until the criminal case is resolved, including any criminal ancillary forfeiture proceedings, this Court is authorized to issue an order allowing the Government to continue to maintain custody of such property until the criminal case is concluded. *See Scarmazzo*, 2007 WL 587183 at *3.

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1) that (1) directs the United States to maintain custody of the Seized Assets through the conclusion of the pending criminal case, including any administrative or ancillary forfeiture proceedings, and (2) finds that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 23rd day of November 2021.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

*/s/ Xavier A. Cunningham*
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, GA 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 23rd of November 2021.

**/s/ Xavier A. Cunningham**

_____
Xavier A. Cunningham
Assistant United States Attorney