GAS 187(Rev. 07/08) Exhibit and Witness List

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA

V.

MARIA LETICIA PATRICIO, et al.

**EXHIBIT AND WITNESS LIST**

CASE NUMBER: 521cr9

| PRESIDING JUDGE Hon. Benjamin W. Cheesbro | | | | PLAINTIFF'S ATTORNEY Tania Groover/Greg Gilluly | | DEFENDANT'S ATTORNEY Juanita Holsey, et al. |
|---|---|---|---|---|---|---|
| TRIAL DATE(S) 11/23/2021 | | | | COURT REPORTER FTR-CR2 | | COURTROOM DEPUTY Jaime Hanna |
| PLF. NO. | DEF. NO. | DATE. OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS. AND WITNESSES | |
| 1 | | 11/23/2021 | x | x | Exhibits 1-18, copies of photographs | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

include a notation as to the location of any exhibit not held with the case file or not available because of size.



Hand written notes showing the company name (Victoria Vasquez and Medina Farms LLC), boss' name (Jordan Vasquez), place of employment (Brunswick), type work (Pick Blue Berries), start date for contract (February 20, 2020 till October 15, 2020, contract, salary ($11-$13 USD)



GOVERNMENT EXHIBIT
1

# APRENDERSE DE MEMORIA ESTAS PREGUNTAS

NOMBRE DE EMPRESA ?

ASOCIACIÓN CAMPESINA DE DESARROLLO DE LAS COMUNIDADDES DE GUATEMALA LLC

NOMBRE DEL PATRON ?

NERY RENE CARRILLO NAJARRO

CUANTO VA A GANAR?

11.71 DOLARES POR HORA ( SI EL PATRON REQUIERE QUE SE TRABAJE POR HORAS, SE TIENE QUE REALIZAR)

A DONDE VA A TRABAJAR?

GEORGIA

CUANTO DURA EL CONTRATO?

8 MESES

ESTAS PAGANDO ALGO POR TU VISA?

NO, EL PATRON PAGA TODO. SE LO DEPOSITA A MI RERESENTANTE

QUIEN TE RECOMENDO ESTE TRABAJO?

UN AMIGO *DECIR EL NOMBRE DEL AMIGO, SI ES NECESARIO ALGUIEN QUE HAYA TRABAJADO CON EL PATRON ANTERIORMENTE.

EN QUE TRABAJABAS EN MEXICO?

JORNALERO

HAZ IDO A ESTADOS UNIDOS?

DECIR LO QUE DIJO EN LA ENTREVISTA.

NOMBRE DEL REPRESENTANTE?

MIGUEL PATRICIO SEBASTIAN.

SE TRABAJARA EN:

- ❖ TRABAJO AGRICOLA GENERAL RELACIONADO CON CALABAZA, REPOLLO, BROCOLI, LECHUGA, EJOTES Y SANDIAS
- ❖ A ALGUNOS TRABAJADORES SE LES PUEDE PEDIR QQUE TRABAJEN EN EL COBERTIZO DE EMPAQUE
- ❖ MANTENIMIENTO DEL CAMPO Y VIVIENDA.
  - ❖ CARGAS Y DESCARGAS, DESYERBAR, LEVANTAR PLASTICO(CAMPO), COLOCAR TUBERIA DE RIEGO . ESTO SE TRABAJA EN CLIMA EXTREMO(CALOR O FRIO)

RECOMENDACIONES:

NO PONERSE NERVIOSO EN LA ENTREVISTA, CONTESTAR SOLAMENTE LO QUE TE PREGUNTEN, PONER ATENCION A LAS PREGUNTAS QUE HACEN EN OCASIONES HACEN LA MISMA PREGUNTA PERO CON DIFERENTES PALABRAS, IR VESTIDO CON ROPA DE TRABAJO DE PREFERENCIA CAMISAS PLANERAS SIN LETRAS.

SI LES HACEN MAS PREGUNTAS TRATANDO DE SACARLES INFORMACION, CONTESTAR SIEMPRE LO MISMO, EL CONSULADO NO PUEDE METERLO A LA CARCEL O PROMETERLES UNA VISA DE TURISTA SI DICEN LA VERDAD, ES SOLO PARA SACARLES INFORMACION, SI ALGUIEN CONTESTA O DA INFORMACION DE MAS, PUEDEN NEGAR TODAS LAS VISAS.

ESTA HOJA ES SOLO PARA ESTUDIARLAS NO SE DEBE LLEVAR AL CONSULADO.

GOVERNMENT EXHIBIT
2





GOVERNMENT
EXHIBIT
4



11.04.2019

GOVERNMENT
EXHIBIT





GOVERNMENT
EXHIBIT

7

**STATE OF GEORGIA**
GBI · DIVISION OF FORENSIC SCIENCE
P.O. BOX 370808 DECATUR, GA 30037-0808

CORONER'S DEATH INVESTIGATION REPORT                VR# 0326 0316

| | | |
|---|---|---|
| CASE NUMBER: | NOTIFICATION DATE: 6/22/19 | NOTIFICATION TIME: 16:05 pm |
| NOTIFIER'S AGENCY: 911 | | |

CITY INCIDENT OCCURRED: Bainbridge   COUNTY: Decatur

INVESTIGATING OFFICER & AGENCY: Coroner

### CONCERNING THE DECEDENT:

FIRST, MIDDLE, LAST NAME: Agustin Chavez Santiago

AGE: 34   RACE: H   SEX: m

HOME ADDRESS, CITY, STATE, ZIP: Migrant Camp Room # N. Griffin Ave Attapulgus GA 39815

DATE OF BIRTH: 5/1/1985   SOCIAL SECURITY: 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

WHO PRONOUNCED DEATH: Dr. Emmanuel Tanglad

DATE PRONOUNCED: 6/22/19   TIME PRONOUNCED: 15:53 pm

TYPE OF DEATH: Natural

DEATH WITNESSED   Person found dead by: Shane Slaughter 352-210-1876

ADDRESS WHERE DEATH OCCURRED: 1500 E. Shotwell St. Bainbridge GA. 39819

DATE/TIME BODY FOUND: 6/22/19   14:55 pm

DESCRIPTION OF CIRCUMSTANCES: Decedent collapsed in Field. Went unresponsive at 15:04 pm, Ems Dispatched - Transferred to Bainbridge Memorial Hospital

PERSONAL DOCTOR'S NAME/PHONE#: ~NA~

KNOWN MEDICATIONS: ~NA~

KNOWN ILLNESSES: ~NA~

COMPLAINTS: Collapsed

PERSON SIGNING DEATH CERTIFICATE: Deputy Coroner Dewitt Phillips

CAUSE OF DEATH LISTED ON D/C: Environmental hyperthermia

### MANNER OF DEATH LISTED ON D/C:

Homicide:   Suicide:   (Accidental:)   Natural Causes:   Undetermined:   (Pending:)   Report

### COMPLETE IF DECEDENT SUSTAINED INJURIES:

DATE/TIME OF INJURY: 6/22/19   14:55

ADDRESS OF INJURY: Hwy 310   Brinson GA 39825

### HOW INJURY OCCURRED:   Environmental

Gunshot:   Sharp Force:   Blunt Force:   Asphyxiated:   Other: Expose

### COMPLETE IF DECEDENT WAS FOUND DEAD:

GOVERNMENT EXHIBIT 8

Blue Seal # 1976708

DATE/TIME LAST KNOWN ALIVE: 6/22/19

**COMPLETE IF CORONER ACCEPTS JURISDICTION:**

WAS CORONER ON SCENE?: (YES:)   NO:   BODY IDENTIFIED BY WHOM: Shane

TRANSPORT BY:

MEDICAL EXAMINER NAME: Dr. Knopf / Inv. Seth Thompson

DATE/TIME NOTIFIED: 6/22/19   15:17

EXAM TYPE: None   (Autopsy)   External only   TOX   Limited dissection

EXAM PLACE/DATE/TIME: Macon GBI, 6/24/19   7:30Am

NEXT OF KIN NAME & ADDRESS: Irma Hemana 3358 South Ave Bartow Fl. 33830

PERSONAL EFFECTS RELEASED TO: ) Wallet, ID

PERSONAL EFFECTS RELEASED BY: (

DATE/TIME OF RELEASE: 6/22/19

BODY RELEASED TO: Morgue

BODY RELEASED BY: Coroner

DATE/TIME OF RELEASE: 6/22/19

COMMENTS: Tying Boxes on corn machine, Walked to end of Field got Water & went to Bus. Was found by Driver in Respiratory distress! Temp 105.5 - Temp Oral 106.5     CPR - Started 15:19 pm

_____  6/22/19
CORONER'S SIGNATURE AND DATE

WAS 19-137-50688

M. Gutierrez Harvesting
130 GA Hwy 32 Bypass
Alma, GA 31510

MANuel Guitierrez

Hermana Irma  (5)  3358 South Ave.
863-307-0862         Bartow FL. 33830

Tony Chavez — Cousin
863-837-9827

Martinez, Palmido/ 910-547-7922)

2-500 Quinientos
1-200 DoScientos
3-20 Veinte

1- BlK Cricket phon

7- $1
2- $5
1- $10
1- $20
1- $50

$97.00 CASH

GEORGIA DEATH CERTIFICATE

State File Number

| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | 2. SEX | 2a. DATE OF DEATH (Mo., Day, Year) |
|---|---|---|---|---|
| AGUSTIN SANTIAGO CHAVEZ | | | MALE | ACTUAL DATE OF DEATH 06/22/2019 |

| 3. SOCIAL SECURITY NUMBER | 4a. AGE (Years) | 4b. UNDER 1 YEAR | | 4c. UNDER 1 DAY | | 5. DATE OF BIRTH (Mo., Day, Year) |
|---|---|---|---|---|---|---|
| | | Mos. | Days | Hours | Mins. | |
| 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 | 34 | | | | | 01/05/1985 |

| 6. BIRTHPLACE | 7a. RESIDENCE - STATE | 7b. COUNTY | | 7c. CITY, TOWN |
|---|---|---|---|---|
| MEXICO | GEORGIA | DECATUR | | ATTAPULGUS |

| 7d. STREET AND NUMBER | | 7e. ZIP CODE | 7f. INSIDE CITY LIMITS? | 8. ARMED FORCES? |
|---|---|---|---|---|
| N GRIFFIN AVENUE | | 39815 | YES | NO |

| 8a USUAL OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS |
|---|---|
| LABORER | AGRICULTURE |

| 9. MARITAL STATUS | 10. SPOUSE NAME | 11. FATHER'S FULL NAME (First, Middle, Last) |
|---|---|---|
| MARRIED | LUCIA MERINO MARTINEZ | AGUSTIN CHAVEZ SALAZAR |

| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) | 13a. INFORMANT'S NAME (First, Middle, Last) | 13b. RELATIONSHIP TO DECEDENT |
|---|---|---|
| JUANA SANTIAGO LOPEZ | IRMA HERMANA | SISTER |

| 13c. MAILING ADDRESS | 14. DECEDENT'S EDUCATION |
|---|---|
| 3358 SOUTH AVENUE BARTOW FLORIDA 33830 | HIGH SCHOOL GRADUATE OR GED COMPLETED |

| 15. ORIGIN OF DECEDENT (Italian, Mex.,French, English, etc.) | 16. DECEDENT'S RACE (White, Black, American Indian, etc.) (Specify) |
|---|---|
| YES, OTHER SPANISH/HISPANIC/LATINO, MEXICAN | Other- HISPANIC MEXICAN |

| 17a. IF DEATH OCCURRED IN HOSPITAL | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Specify) |
|---|---|
| EMERGENCY ROOM/OUTPATIENT | |

| 18. HOSPITAL OR OTHER INSTITUTION NAME (If not in either give street and no.) | 19. CITY, TOWN or LOCATION OF DEATH | 20. COUNTY OF DEATH |
|---|---|---|
| MEMORIAL HOSPITAL - BAINBRIDGE | BAINBRIDGE | DECATUR |

| 21. METHOD OF DISPOSITION (specify) | 22. PLACE OF DISPOSITION | 23. DISPOSITION DATE (Mo., Day, Year) |
|---|---|---|
| BURIAL | CEMETERY 110 UNIVERSIDAD EL ARENAL OAXACA MEXICO | 08/15/2019 |

| 24a. EMBALMER'S NAME | 24b. EMBALMER LICENSE NO. | 25. FUNERAL HOME NAME |
|---|---|---|
| A. ANDREW CADWELL | 2656 | COX FUNERAL HOME BAINBRIDGE |

| 25a. FUNERAL HOME ADDRESS |
|---|
| 202 WEST STREET BAINBRIDGE GEORGIA 39817 |

| 26a. SIGNATURE OF FUNERAL DIRECTOR | 26b. FUN. DIR. LICENSE NO | AMENDMENTS |
|---|---|---|
| A ANDREW CADWELL | 3105 | |

| 27. DATE PRONOUNCED DEAD (Mo., Day, Year) | 28. HOUR PRONOUNCED DEAD |
|---|---|
| 06/22/2019 | 15:53 MILITARY |

| 29a. PRONOUNCER'S NAME | 29b. LICENSE NUMBER | 29c. DATE SIGNED |
|---|---|---|
| DEWITT PHILLIPS | | 06/22/2019 |

| 30. TIME OF DEATH | 31. WAS CASE REFERRED TO MEDICAL EXAMINER |
|---|---|
| 15:53 MILITARY | YES |

| 32. Part I. Enter the chain of events--diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, Or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. ENVIRONMENTAL HYPERTHERMIA | MINUTES |
| | Due to, or as a consequence of | |
| | B. | |
| | Due to, or as a consequence of | |
| | C. | |
| | Due to, or as a consequence of | |
| | D. | |

| Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death. | 33. WAS AUTOPSY PERFORMED? | 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|
| OBESITY | YES | YES |

| 35. TOBACCO USE CONTRIBUTED TO DEATH | 36. IF FEMALE (range 10-54) PREGNANT | 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) |
|---|---|---|
| NO | NOT APPLICABLE | ACCIDENT |

| 38. DATE OF INJURY (Mo., Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |
|---|---|---|---|
| 06/22/2019 | 14:55 MILITARY | CORN FIELD | YES |

| 42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County) |
|---|
| 2678 YATES SPRING ROAD BRINSON GEORGIA 39825 DECATUR |

| 43. DESCRIBE HOW INJURY OCCURRED | 44. IF TRANSPORTATION INJURY |
|---|---|
| ENVIRONMENTAL EXPOSURE | NO |

| 45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) | 46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) |
|---|---|
| | /S/ DEWITT PHILLIPS DEPUTY COR |

| 45a. DATE SIGNED (Mo., Day, Year) | 45b. HOUR OF DEATH | 46a. DATE SIGNED (Mo., Day, Year) | 46b. HOUR OF DEATH |
|---|---|---|---|
| | | | 15:53 MILITARY |

| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH |
|---|
| DEWITT PHILLIPS P O BOX 879 BAINBRIDGE GEORGIA 39819 |

| 48. REGISTRAR (Signature) | 49. DATE FILED - |
|---|---|
| /S/ CHRISTOPHER JP HARRISON | |

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF PUBLIC HEALTH

GOVERNMENT EXHIBIT

9

**U.S. Department of Labor**

Wage and Hour Division
Atlanta North Area Office
Peachtree Center, Harris Tower
233 Peachtree NE, Ste. 650
Atlanta, GA, 30303
678-237-0521
404-331-0311



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7016 1370 0001 0786 2481

November 8, 2017

J.C. Castro, Owner / H-2A Labor Contractor
J.C. Castro Harvesting, LLC
d/b/a Castro Harvesting
1537 Tom Odum Rd.
Vidalia, GA  30474

**Subject:** **Notice of Determination of Wages Owed, Assessing Civil Money Penalties, and Debarment**

Case Reference Number: 1797730

Dear Mr. Castro:

An investigation conducted by this office of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), relating to the requirements applicable to the employment of H-2A and other workers under the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. §§ 1101(a)(15)(H)(ii)(a),1184(c) and 1186), in Brinson, GA, covering the period from May 19, 2016 to July 26, 2016, disclosed that the Employer Parties failed to comply with Section 218 of the INA and applicable regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501.

As a consequence of these H-2A violations, $28,177.44 in unpaid wages is owed to 122 workers. The specific violations and the wages owed associated with them are set forth in the attached matrix entitled *Summary of Violations*.

In addition, pursuant to Section 218(g)(2) of the INA and its implementing regulations at 29 C.F.R. part 501, civil money penalties are hereby assessed in the amount of $81,076.20. *See* 29 C.F.R. § 501.19. The specific violations and the civil money penalties associated with them are set forth in the attached matrix entitled *Summary of Violations*.

The full amount reflected above in the sum of $28,177.44 in back wages and $81,076.20 in CMPs is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor." Payments by two certified checks or money orders should be delivered or mailed to:

U.S. Department of Labor
Wage and Hour Division
Southeast Regional Office
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303



GOVERNMENT
EXHIBIT
10

The dollar amount(s) reflected above constitute(s) a debt owed to the Federal government. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Act of 1982, and departmental policies. Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payments to the office listed above by the indicated due date.

In addition to the remedies and sanctions imposed pursuant to 29 C.F.R. § 501.19 (as set forth above), the Administrator of the Wage and Hour Division ("Administrator") finds that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), substantially violated material terms and conditions of the temporary labor certifications with respect to H-2A workers. Specifically, the investigation of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") disclosed the following:

- 29 CFR 501.20(d)(1)(vii): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") employed H-2A workers in activities not listed in the job order.

  Castro had workers conducting weeding operations and otherwise working on crops not listed on the job order.

- 29 CFR 501.20(d)(1)(i): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") failed to pay or provide the required wages, benefits, or other working conditions to H-2A workers and workers in corresponding employment.

  Castro provided falsified records showing that during the first week of employment he reimbursed the workers $332.27 for transportation and visa costs – the workers were not reimbursed. Furthermore, H-2ALC Castro also provided falsified records indicating that he was paying the AEWR of $10.59 per hour during the weeks in which the workers were weeding cotton – the workers were actually earning $8.00 per hour. As a result, 122 workers were found due $28,177.44 in back wages. During the final conference, H-2ALC Castro did not deny the allegations. As a way of keeping the workers willfully uninformed, H-2ALC Castro also failed to provide proper disclosure of working conditions, including information regarding wage rates and areas of intended employment, by not providing a copy of the H-2A job order to all workers at the time of recruitment.

- 29 CFR 501.20(d)(1)(vi): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") impeded the investigation.

  Castro provided false payroll records in order show compliance however, the workers indicated that the records provided were not true. Secondly, the employer admitted during the final conference that he told the workers to lie to investigators regarding their pay. Castro instructed the workers to tell investigators that they were getting paid $10.59 per hour instead what they were actually earning, which was $8.00 per hour.

2

As a consequence of the violations committed (as set forth above and discussed in the final conference), pursuant to 29 C.F.R. § 501.20, the Administrator has determined that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") shall be debarred from applying to the Department of Labor for H-2A certification for a period of 3 years from the date identified in this Notice of Debarment, unless an administrative appeal is properly filed.

APPEAL RIGHTS

J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") has the right to request a hearing on this determination. Such a request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice of determination on which a hearing is requested, state the specific reason(s) why the requestor believes this determination to be in error, be signed by the requestor or by an authorized representative, and include the address at which the requestor or the authorized representative desires to receive further communications relating to the hearing request.

The request must be made and received within 30 days from the date of this letter by the **Atlanta North Area Office, Wage and Hour Division, U.S. Department of Labor, located at 233 Peachtree St. NE, Ste. 650, Atlanta, GA 30303.** Requests for a hearing may be made by certified mail or by means normally assuring overnight delivery.

If J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") does not make a timely request, this determination will become a final order of the Secretary of Labor and may no longer be appealed. The timely filing of an administrative appeal stays the determination pending the outcome of the appeal proceedings.

When a request for a hearing is filed with the Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violations. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

The fact that the above sanctions and remedies are being imposed for the H-2A violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or the additional assessments of back wages or civil money penalties for violations of the H-2A provisions found at some future time. Such other enforcement action may include the pursuit of unpaid wages, injunctive action, specific performance of the work contract, and denial or revocation of temporary alien agricultural labor certification.

Copies of Section 218 of INA and Regulations, 20 C.F.R part 655 and 29 C.F.R. part 501 are also enclosed for your reference and assistance.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

Lisa J. Kelly
Assistant District Director

3

## Summary of Violations

| Regulatory Requirement Violated | Summary Description (U.S. Worker Protections) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.121(a)(3) | **Failed to satisfy requirements of the job order by not stating actual terms and conditions.** Specifically, the investigation disclosed that location of work was completely different than the ones shown on the H-2A certification. Also, the workers were weeding cotton and this activity was not listed on the H-2A contract. Also, wage payments were below those required by the regulations. | $0.00 | $1,989.60 |

| Regulatory Requirement Violated | Summary Description (Wage-Related Violations) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(1) | **Inbound transportation requirements.** Specifically, the investigation disclosed that Castro failed to fully reimburse any of the workers for their transportation and subsistence costs from their home to the work location. | $2,300 | $1,326.40 |
| 20 C.F.R. § 655.122(l) | **Failure to pay the offered/required wage rate.** Specifically, the investigation disclosed that while payroll records indicated employees were paid the AEWR of $10.59/hour for all hours worked, interviews with employees indicated the actual wage rate received was $8.00/hour. | $11,437.44 | $76,268 |
| 20 C.F.R. § 655.135(j) | **Unlawful cost shifting.** Specifically, the investigation disclosed that Castro shifted the cost of visas to the workers without reimbursement. | $14,440 | $1,492.20 |
| *Total Due for All Wage-Related Violations* | | **$28,177.44** | **$79,086.60** |

| Regulatory Requirement Violated | Summary Description (Recordkeeping) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(j)(1) | The employer failed to keep accurate and adequate records with respect to the workers earnings. Specifically, the investigation disclosed that all payroll records provided to WHD misleading, showing falsified amounts of wage payments to workers (amounts on payroll were significantly higher than actual wages received by workers). | $0.00 | No CMP due to similar violation in concurrent H-2A investigation in WI. |
| 20 C.F.R. § 655.122(k) | The employer failed to comply with the pay statement requirements. Specifically, the investigation revealed that subject firm did not provide employees with any sort of pay statement indicating hours worked, hours paid, total pay. Subject firm paid employees in cash. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Housing) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(d)(1) | Employer failed to provide or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards. Specifically, the investigation disclosed marginal housing safety and health violations, substantiated through housing inspection and employee interviews. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Transportation) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(4) | Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters | $0.00 | No CMP |

8

| Regulatory Requirement Violated | Summary Description (Recordkeeping) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(j)(1) | The employer failed to keep accurate and adequate records with respect to the workers earnings. Specifically, the investigation disclosed that all payroll records provided to WHD misleading, showing falsified amounts of wage payments to workers (amounts on payroll were significantly higher than actual wages received by workers). | $0.00 | No CMP due to similar violation in concurrent H-2A investigation in WI. |
| 20 C.F.R. § 655.122(k) | The employer failed to comply with the pay statement requirements. Specifically, the investigation revealed that subject firm did not provide employees with any sort of pay statement indicating hours worked, hours paid, total pay. Subject firm paid employees in cash. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Housing) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(d)(1) | Employer failed to provide or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards. Specifically, the investigation disclosed marginal housing safety and health violations, substantiated through housing inspection and employee interviews. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Transportation) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(4) | Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters | $0.00 | No CMP |

| | | | |
|---|---|---|---|
| | **and the employer's worksite without cost to the worker.** Specifically, the investigation disclosed that one of the transportation vehicles failed to meet safety requirements. Marginal violations were found with service brakes, lighting devices, horn, and rear view mirrors. | | |

| Total | | $72,166.50 | $81,076.20 |
|---|---|---|---|

**U.S. Department of Labor**

Wage and Hour Division
Atlanta North Area Office
Peachtree Center, Harris Tower
233 Peachtree NE, Ste. 650
Atlanta, GA, 30303
678-237-0521
404-331-0311



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7016 1370 0001 0786 2337

November 8, 2017

J.C. Castro, Owner / H-2A Labor Contractor
J.C. Castro Harvesting, LLC
d/b/a Castro Harvesting
1537 Tom Odum Rd.
Vidalia, GA  30474

**Subject:**    Notice of Determination of Wages Owed, Assessing Civil Money
Penalties, and Debarment

Case Reference Number: 1797897

Dear Mr. Castro:

An investigation conducted by this office of J.C. Castro Harvesting, LLC, d/b/a Castro
Harvesting; J.C. Castro, an individual (the "Employer"), relating to the requirements applicable
to the employment of H-2A and other workers under the Immigration and Nationality Act (INA)
as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. §§
1101(a)(15)(H)(ii)(a),1184(c) and 1186), in Friendship, WI, covering the period from July 5,
2016 to October 12, 2016, disclosed that the Employer Parties failed to comply with Section 218
of the INA and applicable regulations at 20 C.F.R. part 655 and 29 C.F.R. part 501.

As a consequence of these H-2A violations, $72,166.50 in unpaid wages is owed to 63 workers.
The specific violations and the wages owed associated with them are set forth in the attached
matrix entitled *Summary of Violations*.

In addition, pursuant to Section 218(g)(2) of the INA and its implementing regulations at 29
C.F.R. part 501, civil money penalties are hereby assessed in the amount of $116,391.60. *See* 29
C.F.R. § 501.19. The specific violations and the civil money penalties associated with them are
set forth in the attached matrix entitled *Summary of Violations*.

The full amount reflected above in the sum of $72,166.50 in back wages and $116,391.60 in
CMPs is due and payable within 30 days to "Wage and Hour Division, U.S. Department of
Labor." Payments by two certified checks or money orders should be delivered or mailed to:

GOVERNMENT EXHIBIT

11

U.S. Department of Labor
Wage and Hour Division
Southeast Regional Office
61 Forsyth St. SW, Room 7M40
Atlanta, GA 30303

The dollar amount(s) reflected above constitute(s) a debt owed to the Federal government. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Act of 1982, and departmental policies. Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payments to the office listed above by the indicated due date.

In addition to the remedies and sanctions imposed pursuant to 29 C.F.R. § 501.19 (as set forth above), the Administrator of the Wage and Hour Division ("Administrator") finds that J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer"), substantially violated material terms and conditions of the temporary labor certifications with respect to H-2A workers. Specifically, the investigation of J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") disclosed the following:

- 29 CFR 501.20(d)(1)(vii): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") employed H-2A workers outside the area of intended employment and outside the validity period of employment of the job order.

  Workers began working for the subject firm in Wisconsin on or about July 5, 2016, well before the contract starting date of July 25, 2016. Prior to July 25, workers were supposed to be working in Georgia, not Wisconsin.

- 29 CFR 501.20(d)(1)(i): J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") failed to pay or provide the required wages, benefits, or other working conditions to H-2A workers and workers in corresponding employment.

  Subject firm knowingly paid H-2A workers and US workers in corresponding employment below the required rate of pay -- workers were receiving $3 less per hour than required. As a result, 63 workers were found due $28,066.50 in back wages. Subject firm also failed to provide proper disclosure of working conditions, including information regarding wage rates and areas of intended employment, by failing to provide a copy of the H-2A job order to all workers at the time of recruitment. This practice keeps the workers willfully uninformed.

As a consequence of the violations committed (as set forth above and discussed in the final conference), pursuant to 29 C.F.R. § 501.20, the Administrator has determined that J.C. Castro

2

Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") shall be debarred from applying to the Department of Labor for H-2A certification for a period of 3 years from the date identified in this Notice of Debarment, unless an administrative appeal is properly filed.

## APPEAL RIGHTS

J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") has the right to request a hearing on this determination. Such a request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice of determination on which a hearing is requested, state the specific reason(s) why the requestor believes this determination to be in error, be signed by the requestor or by an authorized representative, and include the address at which the requestor or the authorized representative desires to receive further communications relating to the hearing request.

The request must be made and received within 30 days from the date of this letter by the **Atlanta North Area Office, Wage and Hour Division, U.S. Department of Labor, located at 233 Peachtree St. NE, Ste. 650, Atlanta, GA 30303.** Requests for a hearing may be made by certified mail or by means normally assuring overnight delivery.

If J.C. Castro Harvesting, LLC, d/b/a Castro Harvesting; J.C. Castro, an individual (the "Employer") does not make a timely request, this determination will become a final order of the Secretary of Labor and may no longer be appealed. The timely filing of an administrative appeal stays the determination pending the outcome of the appeal proceedings.

When a request for a hearing is filed with the Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violations. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

The fact that the above sanctions and remedies are being imposed for the H-2A violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or the additional assessments of back wages or civil money penalties for violations of the H-2A provisions found at some future time. Such other enforcement action may include the pursuit of unpaid wages, injunctive action, specific performance of the work contract, and denial or revocation of temporary alien agricultural labor certification.

Copies of Section 218 of INA and Regulations, 20 C.F.R part 655 and 29 C.F.R. part 501 are also enclosed for your reference and assistance.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

## Summary of Violations

| Regulatory Requirement Violated | Summary Description (U.S. Worker Protections) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.121(a)(3) | **Failed to satisfy requirements of the job order by not stating actual terms and conditions.** Specifically, the investigation disclosed that the anticipated period of employment was 07/25/2016 to 10/12/2016, however workers began working for subject firm in Wisconsin around July 5th, outside the anticipated period of employment. Furthermore, ETA 790 indicated a different work location. Also, wage payments were below those required by the regulations. | $0.00 | $994.80 |

| Regulatory Requirement Violated | Summary Description (Disclosure) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(q) | **Failure to comply with requirement that copy of work contract be provided.** Specifically, the investigation disclosed that subject employer did not provide a copy of the job order or job contract to any of the H2A workers or US workers in corresponding employment. | $0.00 | No CMP |
| 20 C.F.R. § 655.135(l) | **Failed to post H-2A poster.** Specifically, the investigation disclosed that no H-2A required postings were present at the work site. | $0.00 | $1,326.40 |

| Regulatory Requirement Violated | Summary Description (Wage-Related Violations) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(g) | **Failure to comply with "meals" requirement(s).** Specifically, the investigation disclosed that subject firm failed to provide meals or kitchen facilities to workers. | $44,100 | $1,492.20 |
| 20 C.F.R. § 655.122(l) | **Failure to pay the offered/required wage rate.** Specifically, the investigation disclosed that while payroll | $28,066.50 | $104,454 |

## Summary of Violations

| Regulatory Requirement Violated | Summary Description (U.S. Worker Protections) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.121(a)(3) | **Failed to satisfy requirements of the job order by not stating actual terms and conditions.** Specifically, the investigation disclosed that the anticipated period of employment was 07/25/2016 to 10/12/2016, however workers began working for subject firm in Wisconsin around July 5th, outside the anticipated period of employment. Furthermore, ETA 790 indicated a different work location. Also, wage payments were below those required by the regulations. | $0.00 | $994.80 |

| Regulatory Requirement Violated | Summary Description (Disclosure) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(q) | **Failure to comply with requirement that copy of work contract be provided.** Specifically, the investigation disclosed that subject employer did not provide a copy of the job order or job contract to any of the H2A workers or US workers in corresponding employment. | $0.00 | No CMP |
| 20 C.F.R. § 655.135(l) | **Failed to post H-2A poster.** Specifically, the investigation disclosed that no H-2A required postings were present at the work site. | $0.00 | $1,326.40 |

| Regulatory Requirement Violated | Summary Description (Wage-Related Violations) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(g) | **Failure to comply with "meals" requirement(s).** Specifically, the investigation disclosed that subject firm failed to provide meals or kitchen facilities to workers. | $44,100 | $1,492.20 |
| 20 C.F.R. § 655.122(l) | **Failure to pay the offered/required wage rate.** Specifically, the investigation disclosed that while payroll | $28,066.50 | $104,454 |

7

| | | | |
|---|---|---|---|
| | records indicated employees were paid the AEWR of $12.02/hour for all hours worked, interviews with employees indicated the actual wage rate received was $9.02/hour, $3.00 less per hour, or about 25%, less than the AEWR. | | |
| *Total Due for All Wage-Related Violations* | | $72,166.50 | $105,946.20 |

| Regulatory Requirement Violated | Summary Description (Recordkeeping) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(j)(1) | **The employer failed to keep accurate and adequate records with respect to the workers earnings.** Specifically, the investigation disclosed that all payroll records provided to WHD misleading, showing falsified amounts of wage payments to workers (amounts on payroll were significantly higher than actual wages received by workers). | $0.00 | $6,963.60 |
| 20 C.F.R. § 655.122(k) | **The employer failed to comply with the pay statement requirements.** Specifically, the investigation revealed that subject firm did not provide employees with any sort of pay statement indicating hours worked, hours paid, total pay. Subject firm paid employees in cash. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Housing) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(d)(1) | **Employer failed to provide or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards.** Specifically, the investigation disclosed marginal housing safety and health violations, substantiated through housing inspection and employee interviews. | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Transportation) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.122(h)(4) | **Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters and the employer's worksite without cost to the worker.  Specifically, the investigation disclosed that subject firm failed to provide proof of insurance for the two vehicles inspected.** | $0.00 | No CMP |

| Regulatory Requirement Violated | Summary Description (Legal Requirements) | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. § 655.135(e) | **The employer failed to comply with applicable Federal, State and local employment-related laws and regulations, including employment-related health and safety laws.** Specifically, the investigation disclosed that subject employer was also found in violation of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA). | $0.00 | $1,160.60 |

| Total | | $72,166.50 | $116,391.60 |
|---|---|---|---|

9

**Site Visit Photos:**

410 W Griffin:






GOVERNMENT
EXHIBIT

12










344 Scott Rd:









GOVERNMENT
EXHIBIT

16



GOVERNMENT
EXHIBIT

17



GOVERNMENT
EXHIBIT
13