IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO.: 5:21CR09 |
| MARIA PATRICIO, | * | |
| Defendant. | * | |

## MOTION FOR DISCOVERY AND BRIEF IN SUPPORT

COMES NOW the Defendant **MARIA PATRICIO,** by and through her undersigned counsel, and moves this Court for an order requiring the Government to provide the following materials to the Defendant:

(1)    To permit Defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or conferences made by **MARIA PATRICIO,** or for which she is to be held accountable, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by exercising due diligence may become known, to the attorney for the Government.

(2)    Disclosure of the substance of any oral statements made by **MARIA PATRICIO** or for which she is to be held accountable, including permitting Defendant's attorney to inspect and copy or photograph summaries or memoranda of such statements, within

the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

(3) To permit **MARIA PATRICIO'S** attorney to inspect and copy or photograph any relevant written or recorded statements or conferences made by any alleged confederates or co-conspirators, which statements are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

(4) To permit **MARIA PATRICIO'S** attorney to inspect and copy or photograph any and all results of any scientific test or experiments made in connection with the above-referenced indictments, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

(5) To permit **MARIA PATRICIO'S** attorney to inspect and copy or photograph all books, papers, documents, photographs, or other tangible objects, or copies thereof, which are in the possession, custody or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial or were obtained from or belong to **MARIA PATRICIO**. This request includes obtaining duplicates (not xerox copies) of all surveillance photographs taken.

(6) To permit Defendant's attorney to inspect all photographs that may have been used in photographic arrays displayed to witnesses the Government intends to call at trial.

(7) A copy of **MARIA PATRICIO'S** prior criminal record, if one exists.

(8)     As to all persons who will testify for the Government, either in its case in chief or in rebuttal the following specific and detailed information is requested:

The existence and substance, and the manner of execution or fulfillment, of any promises, agreements, understandings or arrangements, either verbal or written, between the Government and any prosecution witness or his or his attorneys or representatives wherein the Government has agreed, either expressly or impliedly, as follows:

(i)     Not to prosecute the witness for any crime or crimes;

(ii)     Not to prosecute a third party for any crime or crimes;

(iii)     To provide a formal grant of statutory immunity, or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given by him or his;

(iv)     To recommend leniency in sentencing for any crime or crimes for which he or he is convicted;

(v)     To recommend a particular sentence for any crime or crimes for which he or he is convicted;

(vi)     To provide favorable treatment or consideration; that is, money or the like, to the witness himself or to friends or relatives of the witness in return for the witness's cooperation, testimony, or assistance of any kind;

(vii)     To compromise or diminish, or to recommend compromising or diminish any federal, state, or local taxes which the witness or friend or relatives of the witness owe or claim to owe;

(viii)  To recommend early release, parole, or pardon for any crime or crimes for which he or he may be serving a sentence in any federal, state, or local institution;

(ix)    To recommend early termination of any parole or probation for any crime or crimes for which he or he may be being supervised by any federal, state, or local institution;

(x)     To make any other recommendation of any benefit however slight, or to give any other consideration to the witness or friends or relatives of the witness;

(9)     With respect to the existence of electronic surveillance, please state whether or not there has been any electronic surveillance, eavesdropping, interceptions of communications, wire-tapping, listening devices or any similar investigative techniques utilized in the investigation of this case, and provide duplicates of any recorded tapes and copies of any transcripts of such tapes.

(10)    The names, addresses, background and criminal record of all witnesses presented on the witness stand in the trial of this case by the Government.

(11)    Any and all recorded or written memoranda of conversations, discussions with, or statements by informants and special employees of the Government.

(12)    The names and classifications of any and all Federal Bureau of Investigation agents, United States Attorneys, state or local law enforcement or other Government employees who met with, talked to, or were present at any meeting or discussion held with any informants and/or special employees of the Government during the investigation of the offenses set forth in the indictment.

(13)   Any and all receipts, vouchers or other books and records concerning money expended by the Government, whether it be the Federal Bureau of Investigation, or other Governmental, state or local agency, expended for informants, witnesses, and special employees of the Government used in connection with the investigation of these cases.

(14)   Any and all statements, memoranda and/or documents producable under 18 U.S.C. § 3500 at the time of trial.

(15)   A copy of all original notes and memoranda (whether handwritten or otherwise) that may have been made by any and all law enforcement agents, employees, or representatives investigating this case, including any person who may have been acting in an informer or undercover capacity.  If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

(16)   Disclose whether any potential witness for the Government has been treated for alcoholism, drug dependency, or substance abuse in any way or manner whatsoever, either as an institutional patient or as an outpatient.

(17)   Disclose whether any potential witness for the Government, informant or special employee of the Government has ever been treated by any psychiatrist or psychologist for any emotional illness or personality disorder, or pathology, and if so, designate the names and addresses of the diagnosing or treating physicians, psychologist, or psychiatrist.

(18)   Disclose whether there was any evidence seized from the Defendant, his residence, automobile; or evidence seized from another person or location regardless of the

Government's intent to introduce the evidence at trial or not.   If any evidence was seized, disclose:

        (a)    Whether the seizure was pursuant to an arrest warrant, search warrant, or alleged by consent;

        (b)    A description of the evidence;

        (c)    The date of the seizure, and;

        (d)    The name of the persons who were present.

(19)    Disclose whether any witnesses have been shown a photographic array, and if so, with respect to each witness:

        (a)    Production of the array for inspection and copying;

        (b)    The names of the agents or persons who displayed the array to the witness;

        (c)    The dates the array was displayed to the witness; and

        (d)    The name of each such witness.

(20)    Disclose the names and addresses of any individuals shown any surveillance photographs (or duplicates or other replicas thereof) who were unable to identify the persons depicted, unsure of the identity of the persons depicted, or who were sure **MARIA PATRICIO** was not the person depicted.

(21)    In addition to all the items mentioned herein above, we specifically request the Government furnish to us any and all evidence that may be in its possession and which may be materially favorable to **MARIA PATRICIO** either of a direct or of any impeaching nature, within the purview of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.  Ct.  1194 (1963) and its progeny.

(22)   Disclose all relevant conduct, circumstances and injuries relevant to the crimes alleged in the indictment.  Defendant requests disclosure of the conduct, circumstances, and injuries relevant to the offense alleged in the indictment, upon which the Government intends to rely at sentencing under § 1B1.3 of the Sentencing Guidelines.

(23)   Pursuant to Part B of Chapter 3 of the Sentencing Guidelines, disclose the following information:

(a)   Whether the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

(b)   Whether the Defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.

(c)   Whether the Defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b).

(d)   Whether the Defendant was a minimal participant in any criminal activity.

(e)   Whether the Defendant was a minor participant in any criminal activity.

(f)   Whether the Defendant abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offense.

(g)     Whether the Defendant willfully impeded or obstructed or attempted to obstruct the administration of justice during the investigation or prosecution of offenses alleged in the indictment.

(24)   Disclose all counts of the indictment which the Government contends are closely related counts as that term is defined in § 3D1.1 of the Sentencing Guidelines.

(25)   Disclose all information which clearly demonstrates the Defendant has recognized and affirmatively accepted personal responsibility for any offenses alleged in the indictment under § 3E1.1 of the Sentencing Guidelines.

(26)   Disclose the following information concerning the Defendant's prior criminal record upon which the Government intends to rely under Chapter 4 of the Sentencing Guidelines.

(a)     each prior sentence of imprisonment exceeding one year and one month.

(b)     each prior sentence of imprisonment exceeding sixty days.

(c)     each prior sentence of imprisonment not counted in (a) or (b).

(d)     whether any crimes alleged in the indictment were committed while the Defendant was under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e)     whether the Defendant committed any of the offenses alleged in the indictment less than two years after the release from imprisonment or any sentence set out under (a) or (b) above.

(f)     for any offense under (a) or (b) above which was committed by the Defendant prior to his or his eighteenth birthday, please identify any such sentence which resulted in an adult sentence of imprisonment exceeding one year and one month, or which resulted in an imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the Defendant's commencement of any crime alleged in the indictment.

(g)     identify any prior sentence under (a) or (b) above, which exceeded one year and one month, and which was imposed more than fifteen years prior to the Defendant's commencement of any crime alleged in the indictment.  Also reveal any such prior sentence which exceeded one year and one month which resulted in the Defendant's incarceration during any part of the fifteen-year period.

(h)     for any prior sentence under (b) above, identify any such sentence which was imposed more than ten years prior to the Defendant's commencement of the crimes alleged in the indictment.

(i)     disclose any prior sentence imposed upon the Defendant which included a "diversionary disposition", a "military sentence", a "foreign sentence", a "tribal court sentence", or an "expunged conviction".

(j)     identify any prior revocation of probation, parole, supervised release, special parole, or mandatory release involving any prior sentence imposed upon the Defendant.

(27)  Disclose all information which the Government contends reveals that Defendant committed any crime alleged in the indictment as part of a pattern or criminal conduct from which the Defendant derived a substantial portion of his or his income under § 4B1.3 of

Sentencing Guidelines.  Disclose all restitution which the Government contends the Defendant is liable for under 18 U.S.C. § 3663(d).

(28)   Disclose the minimum and maximum fine for which the Government contends the Defendant is liable for each offense alleged in the indictment under § 5E4.2 of the Sentencing Guidelines.

(29)   Disclose whether the Government contends that the Defendant was engaged in a continuing criminal enterprise, as set forth in § 2D1.5 of the Sentencing Guidelines.

## AUTHORITY

Defendant submits that he is entitled to the information requested by this motion pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v.  United States, 405 U. S. 105 (1972).

Furthermore, disclosure of information impeaching witnesses' credibility must be timed to enable effective preparation for trial.  United States v. Polishi, 416 F.2d 573, 578 (2nd Cir. 1969); United States v. Baxter, 492, F.2nd 150, 173-74 (9th Cir. 1973), cert. denied 417 U.S. 940 (1974).

The appropriate time for disclosure is as early as possible to enable defense counsel effectively to use the information in preparing the case for trial.  Compare United States v. Campagnuolo, 592 F.2d 852 (5th Cir.  1979) with United States v. Opager, 589 F.2d 799 (5th Cir. 1979).  Indeed, even when the favorable information takes the form of a witness's statement otherwise protected from pre-trial discovery by the Jencks Act (18 U.S.C. § 3500), the prosecution must nonetheless disclose it as far in advance of trial as due process may practically require for the defense to make fair use of it.  United States vs. Campagnuolo, supra.

Defendant specifically requests the material delineated under the Sentencing Reform Act of 1984, (Chapter II of the Comprehensive Crime Control Act of 1984, Public Law 98-473, October 12, 1984).  The material requested in these paragraphs is necessary to ensure that the Defendant is afforded his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.  Unless such material is provided to Defendant, she will not receive effective assistance of counsel in several ways.

First, without such information, Defendant and her attorney will be unable to adequately assess whether to enter a plea of guilty in this case.  Under the sentencing guidelines, the specific information requested in paragraphs 23-30 is used to compute the ultimate sentencing guideline range.  Unless a defendant knows what guideline range applies to her conduct, it will not be possible to evaluate whether the case should go to trial.  A criminal defendant is entitled to know all direct consequences of a plea of guilty.  Hill v. Lockhart, 474 U. S. 52, 106 S.Ct. 366, 369 (1985).  Unless a defendant knows the information upon which the Government will rely in arguing that she will be required to serve a specific number of months under the sentencing guidelines, any guilty plea will not be voluntary and intelligent, and therefore will be subject to review. Id.

Second, the Defendant is entitled to the information set out in paragraphs 23-30 is that such information will greatly affect any decision as to whether the Defendant should testify at trial.  Under the Sentencing Guidelines, certain information which would otherwise be inadmissible at a trial may be used to enhance the Defendant's particular sentencing guideline range.  The Defendant needs to know in advance what information will be relevant to sentencing before deciding to exercise his rights under the Constitution to testify in his own behalf at a trial.

Under the new Sentencing Guideline regime, certain specific offense characteristics or other factors have essentially become new, albeit, unstated elements of an offense, which the Government must provide in order to obtain a certain sentence.  A defendant is entitled to know which, if any, of these enhancing factors the Government will be relying upon in any case.  Only when a defendant is fully informed of the charges against her, and the possible penalties for those charges, can she or her attorney render effective assistance of counsel.

The Sentencing Guidelines also apparently envision information from collateral sources as being useful in determining a defendant's ultimate sentence after either a plea of guilty or a trial and conviction.  A defendant is absolutely entitled to the source of such information if that information will be used by the Government in an attempt to enhance a defendant's sentence under the Guidelines.  Without such information, the defendant, her attorney, the Court, the Government, and all participants in the criminal justice system are laboring under an incredible burden when the date of sentencing arrives.

Finally, the Government is obligated to disclose evidence favorable to a defendant specifically requesting it if such evidence is material either to guilt or punishment.  *Brady v. Maryland*, 373 U.S. 83 (1963).  Such information must be material to a defendant's punishment before it must be disclosed under *Maddox v. Montgomery*, 718 F.2d 1033 (11th Cir. 1983).  Only when a defendant is informed of precisely the type of information requested in paragraphs 23-40 will he be able to intelligently request material information which might be exculpatory to his sentence under the new Sentencing Guideline regime.

Respectfully submitted this 24th day of February, 2022.

**s/ Juanita M. Holsey**
Juanita M. Holsey
Attorney Bar Number:  172161
Attorney for Defendant
The Holsey Law Firm, LLC
P.O. Box 132
Jesup, GA  31598
Telephone:      (912) 208-2353
Facsimile:      (877) 349-4076
E-mail:  jholsey13@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **CASE NO.: 5:21CR09** |
| **MARIA PATRICIO,** | * | |
| **Defendant.** | * | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Respectfully submitted this 24th day of February, 2022.

<u>**s/ Juanita M. Holsey**</u>
Juanita M. Holsey
Attorney Bar Number:  172161
Attorney for Defendant
The Holsey Law Firm, LLC
P.O. Box 132
Jesup, GA  31598
Telephone:    (912) 208-2353
Facsimile:     (877) 349-4076
E-mail:   jholsey13@gmail.com