IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO.: 5:21CR09 |
| MARIA PATRICIO, | * | |
| Defendant. | * | |

### DEFENDANT'S FIRST MOTION FOR BRADY EXCULPATORY MATERIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, MARIA PATRICIO, Defendant in the above-styled matter, by and through counsel, and respectfully moves this Honorable Court for an order requiring the Government to furnish copies and/or the opportunity to copy any and all exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.5.97 (1976). *United States v. Bagley*, 473 U.S. 667 (1985), and their progeny. More specifically, the Defendant asks this Honorable Court to require the Government prior to trial to produce or to provide an opportunity to inspect any evidence, material, or information within the possession, custody or control of the Government, including any information in State or federal government or police possession, that is favorable to or exculpates the Defendant in any way; that tends to establish a defense in whole or in part to the allegations in the indictment; that impeaches any witness the state intends to call; or that may help the Defendant avoid conviction or mitigate punishment.

Defendant's request for such information includes, but is not limited to, the following:

(a) Any evidence, material or information that would tend to impeach the credibility of any person whom the government intends to call as a witness. *See Mills v. Scully*, 653 F. Supp. 885 (S.D.N.Y. 1987), rev' d on other grounds, 826 F2d | 192 (2d Cir. 987).

(b) Any record of the witness' arrest or conviction maintained and prepared by the Federal Bureau of Alcohol, Tobacco and Firearms, other federal law enforcement agencies. The Georgia Bureau of Investigation, or other state law enforcement agencies.

(c) Any facts or allegations concerning criminal or other misconduct of the witness that is not reflected on his/her criminal record including any material information found in his/her probation file or any pending criminal charge or investigation against the witness or any business entity with which he/she is connected. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989) (probation file must be produced if material and relevant).

(d) Any material relating to the witness' mental or physical history that tends to impair or reflect adversely on his/her reliability as a witness, including but not limited to any information that would tend to affect the witness' motive to testify or ability to perceive, recall, or understand events.

(e) Any statements made, written, or recorded by or of the witnesses referred or relating to any of the above-mentioned matters.

(f) Any information that tends to contradict the testimony that the Government anticipates will be given by any of its witnesses. *See McDowell v. Dixon*, 858 F.2d

945 (4th Cir. 1988), *cert. denied*, 489 U.S. 1033 (1989) (state witness misidentified the Defendant before trial and it should have been revealed).

(g) Any information showing that the testimony was motivated in any degree by personal animosity or feelings of revenge toward this Defendant. E. g. *State v. Brown*, 552 S.W. 2d 383 (Tenn. 1977).

(h) Any information concerning any Government witness' failure (especially repeated failure) of a lie detector test. *Carter v. Rafferty*, 826F.2d 1299 (3d Cir. 1987) *cert. denied*, 484 U.S. 10l1 (1988) (star witness incapable of telling the truth because he failed numerous lie detector tests, and this must be revealed to the defense).

(i) Any and all records and information revealing felony convictions, guilty verdicts, or juvenile adjudications attributed to each witness called by the Government, including but not limited to relevant "rap sheets".

(j) Any and all statements, testimony, memoranda, interviews, documents or summaries, relating to this case, or any portion thereof, by any person that contradict, in whole or in part, any statement (by that person or any other person) that the Government intends to use or rely on in any manner in connection with the trial of this case.

(k) All evidence that tends to minimize or negate the probative effect of the Government's evidence of Defendant's participation in the allegation set forth in the indictment. *See United States ex rel. Smith v. Fairman*,'169 F.2d 386 (7'h Cir, 1985) (report revealed gun allegedly used by Defendant was inoperable).

(l) Any evidence, statement or information in the possession of the Government describing or relating to the conduct of the Defendant that in any way refutes or is

inconsistent with his/her participation in the alleged offenses, including but not limited to the following:

    a.     Any written, recorded or oral statements or comments made by witnesses or others to any person, including Government agents and the Grand Jury, that are favorable to the Defendant, including but not limited to: all allegations contained in *United States v Patricio, ET AL*, Case No. 5:21CR09;

    b.     Any written, recorded or oral statements or comments of persons interviewed by the Government in this matter who are not expected to be witnesses for the Government at the trial;

    c.     Any results, reports, and opinions obtained from examinations, tests, and experiments on physical items and evidence that indicate a lack of criminal involvement or are otherwise favorable to this Defendant.

    d.     Any evidence relating to searches and seizures, electronic or otherwise, that would make any search or seizure illegal.

    e.     Any promises, agreements, or deals offered by the Government, concerning rewards, special treatment or immunity to witnesses or others involved in this case. *Bagley v. United States*, 473 U.S. 667 (1985).

    f.     Any evidence that any Government witness has or has sought a financial inducement to testify or a promise of leniency in witness' own criminal dealings. *Bagley v. Lumpkin*, 798 F.2d 1297 (9th Cir. 1986), *cert. denied*, 434 U.S. 939 (1977); *Moynahanv. Manson*, 4l9 F. Supp. 1139 (D. Conn. 1976)

*aff'd*, 559 F.2d 1204 (2d Cir. 1977); *Hughes v. Bowers*, 711 F. Supp. 1574 (N.D. Ga. 1989), *aff'd*, 896 F. 2d 780 F. 2d 302 (3d Cir. 1985).

g. Any and all consideration or promises of consideration given to or on behalf of any witness or expected or hoped for by the witness. By "consideration" Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax, court, court of claims, administrative or other dispute with the Government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provisions, shelter, transportation, legal services or transactions with the Government or over which the Government has real, apparent or perceived influence.

h. Any and all criminal prosecution investigation, or potential prosecutions pending, or which could be brought against the witness, any probationary, parole or deferred prosecution status of the witness, and any civil, tax court, court of claims, administrative or other pending or potential legal disputes or transactions with the government.

i. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal in relation to the facts of the case.

    j.   The existence and identification or each occasion on which each witness who is an informer accomplice or expert has testified before any court, grand jury, or other tribunal.

    k.   Any and all personnel files on any witness ant the existence and identity of all Government files on any witnesses.

(m) Any written or oral statement and/or confession made by Defendant which is unknown to defense counsel. *See Government of Virgin Islands v. Martinez*, 780 F.2d 302 (3rd Cir. 1985).

(n) Any information about any eyewitness for which the prosecution has a name and/or address which the Government does not intend to call. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

(o) Any statement or testimony by an expert which would tend to corroborate the Defendant's theory of defense or to negate the case of the Government. <u>Agurs,</u> <u>supra</u>.

WHEREFORE, Defendant prays the Government provide or be compelled to provide these requested materials and information.

## MEMORANDUM OF LAW

Defendant MARIA PATRICIO respectfully moves this Honorable Court, pursuant to the general procedures set forth for disclosure of evidence by the government in Fed.R.Crim.P. l6(a), for an order directing the government to furnish and make available to her any evidence, material or information that tends to exculpate the Defendant or that will help her prepare a defense to the allegations or that may help him/her avoid conviction or mitigation punishment.

The Defendant's right to these materials is, of course, unquestioned, under *Brady v. Maryland*. 373 U.S. 83 (1963). The Defendant is aware that the Pretrial Order on discovery, requires the government to reveal all information and material known to the government which may be favorable to the Defendant on the issues of guilt or punishment. However, the Defendant does not rely solely on this provision, but instead makes the kind of specific requests as required by the subsequent case law.

As established by the Supreme Court in *Brady v. Maryland*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the of guilt or prosecution. 373 U.S. 83, 87 (1963). The duty of disclosure under *Brady* further extends to impeachment evidence. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)). "Exculpatory evidence" is "substantive evidence relating to a defendant's guilt or innocence or in mitigation of what otherwise would be guilty conduct." *United States v. Thevis*, 84 F.R.D. 47, 52 (N.D. GA. 1979). Impeachment evidence comprises evidence affecting the credibility of witnesses: "[i]n the case of impeachment evidence, a constitutional error may derive from the government's failure to assist the defense by disclosing information that might have been helpful in conducting the cross-examination." *United States v. Scheer*, 168 F.3d 445, 452 (11th cir. 1999) (emphasis supplied) (citing *Bagley* at 678); *see also Giglio v. United States*, 405 U.S. 150. 154, 92 S.Ct. 763 (1972).

The rule of Brady is "a rule of fairness and minimum prosecutorial obligation." *Thevis,* 84 F.R.D. at 52 (citing *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978)).

"Disclosure of documents and tangible objects which are 'material' to the preparation of

the defense is required under the rule of *Brady v. Maryland*. "*United States v. Jordan*, 316 F.3d 1215, 1250 n. 73 (l lth Cir.2003) (quoting Fed.R.Crim.P. 16, Notes (1974 Amends.)). Evidence is "material" for the purposes of Brady disclosure if it "would be useful in obtaining further [favorable] evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967) (emphasis supplied); see also *United States v. Fernandez*. 136 F.3d 1434, 1438 (1lth Cir. 1998); *United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997); *Hays v. State of Ala.*, 85 F.3d 1462, 1497-98 (l lth Cir.l996); *United States v. Newton*, 44 F.3d 913,918 (l1th Cir. 1994); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir.1992) (citation omitted). The disclosure requirements of *Brady* extend to potential exculpatory or impeaching evidence within other evidence. *See United States v. Arnold*, 117 F.3d 1308, 1317 (l lth Cir. 1997) (surveillance tapes held to contain Brady material); *Ogle v. Estelle*, 641 F.2d 1122, 1125 (5th Cir. Unit A Apr. l98l) (*Brady* violation found because suppressed Federal Bureau of Investigation reports contained favorable impeachment evidence). "*Brady's* disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness," *Strickler*, 527 U.S. at 282 n. 21, even if the materials also contain allegedly "inculpatory" evidence, id. (Emphasis supplied) (citing *Bagley*, 473 U.S. at 676). Rather, the test focuses on "whether the undisclosed information could have substantially affected the efforts of defense counsel." *United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996). Furthermore, when material falls under both the ambit of *Brady* and the government's discovery obligations pursuant to Federal Rule of Criminal Procedure 16, "there can be no doubt but that the government must disclose the requested exculpatory material." *Thevis*, 84 F.R.D. at 5.

The government's duty to disclose favorable or impeachment evidence under *Brady* applies even where there is no request by the accused. *See Strickler*, 527 U.S. at 280 (citing *United States v. Agurs*, 427 U.5. 97, 107 (1976)). The prosecution further "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." *See id*., at 281 (emphasis supplied) (citing *Kyles v. Whitley*, 514 U.S. 419, 438(1995)). This includes evidence known only to law enforcement officers, and not the prosecuting attorney. *See id*., at 280-81 (citing *Kyles* at 438). *United States v. Wood*, 57 F.3d 733, 737(9th Cir. 1995) (holding that once the Food and Drug Administration "consulted with the prosecutor in the steps leading to the prosecution," it "is to be considered as part of the prosecution in determining what information must be made available to the defendant" and "cannot with its right hand say it has nothing while its left hand holds what is of value"); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980) (government had duty to search CIA files since the nature of charges and defendant's alleged conduct supported inference that CIA might have materials); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (holding that government has duty to seek 'out information readily available to it" such as information regarding witness' criminal record); *Martinez v. Wainwright*, 62l F.2d 184, 186-87 (5th Cir. 1980) (finding *Brady* violation where state prosecutor was unaware that the FBI rap sheet was in the possession of a state medical examiner); *United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979) (imputing knowledge of state investigators to federal prosecutors in determining whether there was a *Brady* violation where there was a joint investigative task force); *United States v. Deutsch,* 475 F. 2d 55 (5th Cir. 1973), overruled on other grounds, *United States v. Henry,* 749 F. 2d 203 (5th Cir. 1984) (government had duty under *Brady* to obtain exculpatory information in possession of the United States Postal Service). "[A] prosecutor may not 'avoid

disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" *United States v. Brazel*, 102 F.3d 1120, I150 (1lth Cir. 1997) (citation omitted).

"[T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles*, 514 U.S. at 438. Similarly, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Agurs*, 427 U.S. at 111. This is a result of the fact that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley*, 473 U.S. at 682-83. "[T]he prudent prosecutor will [therefore] resolve doubtful questions in favor of disclosure." *Id*, at 108.

The obligations of *Brady* and its progeny therefore clearly require that the government produce to the defendant, any and all exculpatory or impeaching evidence relating to the defendant' specific requests above, which could be used by the defense within its possession, custody or control, or that of any of its employees, agents or representatives. The defendant is entitled to production of evidence relating to the motives of any witness for the Government. See *Giglio*, 405 U.S. 150; *United States v. Williams*, 954 F.2d 668 (11thCir. 1992); Fed.R.Evid.608' The Government may further not withhold evidence that a witness has made prior false or inconsistent statements. *See United States v. Espinosa-Hernandez*, 9l8 F.2d 911, 9l4 (11th Cir. 1990); *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981*); Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977).

Any promises or inducements made by the government to any witness constitute logical impeachment material under *Brady*. *See Williams* at 672; *United States v. Nickerson*, 669 F.2d 1016, 1018 (5th Cir. 1982). Similarly, evidence that the government has threatened a potential witness to obtain the witness' cooperation is subject to production under *Brady* and furthermore because it implicates a defendant's Sixth Amendment right of access to witnesses. *See United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987); *United States v. Hendrickson*, 564 F.2d 197, 198 (5th Cir. 1977). A witness' mental health information has further been held to be relevant for impeachment purposes. *See United States v. Partin,* 493 F.2d 750, 762 (5th Cir. 1974). The Defendant is also entitled to production of any evidence tending to impeach or show the unreliability of the statement of any alleged co-conspirator. *See United States v. Kubiak*, 704 F.2d 1545, 1549-1551 (11th Cir. 1983) (co-conspirator's exculpatory statement was *Brady* material). Similarly, a witness' prior arrests and misconduct are relevant for impeachment purposes and therefore within the purview of *Brady*. *See United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (holding government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-77 (11th Cir. 1989) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) that prosecution witness had previously concocted and managed a fraudulent scheme); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) to show that informant had previously entrapped other defendants).

## CONCLUSION

For the reasons set forth herein, Defendant MARIA PATRICIO, respectfully requests that the Brady Motion be granted.

RESPECTFULLY SUBMITTED, this 24th day of February, 2022.

/s/ **Juanita M. Holsey**
Juanita M. Holsey
Attorney Bar Number:  172161
Attorney for Defendant
The Holsey Law Firm, LLC
P.O. Box 132
Jesup, GA  31598
Telephone:     (912) 208-2353
Facsimile:      (877) 349-4076
E-mail:  jholsey13@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# WAYCROSS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO.: 5:21CR09** |
| **MARIA PATRICIO,** | * | |
| **Defendant.** | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 24th day of February, 2022.

/s/ Juanita M. Holsey
Juanita M. Holsey
Attorney Bar Number: 172161
Attorney for Defendant
The Holsey Law Firm, LLC
P.O. Box 132
Jesup, GA  31598
Telephone:    (912) 208-2353
Facsimile:    (877) 349-4076
E-mail: jholsey13@gmail.com