IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 5:21-cr-009 |
| | ) | |
| MARIA LETICIA PATRICIO, *et al.* | ) | |

**UNITED STATES' UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States moves to designate this case as complex and to exclude time from computation under the Speedy Trial Act. The United States has conferred with defense counsel and they do not oppose this motion.

The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act recognizes, however, that certain cases are so unusual or complex, "due to the number of defendants [or] the nature of prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).

This is a complex case warranting the exclusion of time under the Speedy Trial Act. Twenty-four defendants are charged for their role in an international mail fraud, forced labor, and money laundering conspiracy. Doc. 3. The charged conspiracy spans almost six years and across at least five federal jurisdictions and three foreign countries including Mexico, Guatemala, and Honduras. *Id.* The investigation

1

included, among other things, (1) reviewing thousands of pages of documents submitted to the United States government to bring in foreign workers from the Department of Labor certification process, the United States Citizenship and Immigration Service authorization process, and the Department of State visa admission process; (2) obtaining federal search warrants for the contents of seventeen email accounts and reviewing the records; (3) a financial analysis of approximately 1,000 bank accounts; (4) a review of social media records; (5) information received from multiple cooperating sources and undercover operations; (6) information received from over 100 witness and victim interviews; (7) obtaining over fifty federal search warrants for physical locations, safe deposit boxes, and financial accounts; (8) seizing and imaging approximately 250 electronic devices, such as cell phones and computers, all obtained pursuant to federal search warrants; (9) obtaining various documents from third party business such as car dealerships, casinos, and other businesses; (10) conducting border searches of people and electronic devices; (11) obtaining multiple federal tracking search warrants on vehicles; (12) obtaining multiple pen registers and trap and trace devices on multiple telephone numbers; (13) obtaining multiple federal wiretaps on multiple telephone numbers; (14) conducting physical surveillance including the use of a pole camera; and (15) the testimony of multiple witnesses before the federal grand jury – all of which culminated with the arrest of twenty-one of the twenty-four indicted Defendants, locating victims, seizing $481,762.72 in cash, multiple vehicles valued over $200,000, and eleven bank accounts in the combined amount of $282,743.62.

In addition to the inherent complexity due to the number of defendants and alleged criminal activity spanning several years and international borders, this case also involves voluminous discovery, discovery which includes items in Spanish. The United States' production will ultimately include terabytes of electronic information and millions of pages of documents. The United States Attorney's Office for the Southern District of Georgia has now completed marshalling the initial round of discovery (Discovery 1) currently available from five federal agencies located across five federal jurisdictions and three foreign countries. Discovery 1 is now ready for production. The United States is working as quickly as possible to marshal and produce the discovery; however, this is a time-consuming process given the complexities in this case. For example, on May 19, 2021, federal agents executed a search warrant and seized seventy-two electronic devices, such as cell phones, laptops, and drives. Between May 2021 and March 2022, agents worked to image and copy these electronic devices that resulted in approximately seven terabytes of data. As another example, in August 2019, agents executed search warrants for the contents of seventeen email accounts. Once the agents received the data from the email providers, forensic examiners needed to convert the data into a readable form and then download the data for the agents to view. This entire process to receive the data from the email provider, convert the data to a readable form, and then download the contents in the readable form took several months. As another example, the United States Attorney's Office for the Southern District of Georgia spent three continuous days downloading one cell phone seized and imaged in this case due to the

size of the data on the cell phone. The forensic extraction report that analyzed the contents of this cell phone is 86,152 pages. These are just a few examples of the size and volume of discovery in this case that the United States is marshaling for production. Further, once the United States makes it initial disclosure of Discovery 1, the United States expects to supplement its initial disclosure as further discoverable items become available. The complexity of the charges, number of defendants, and length and type of investigation virtually assure that significant legal and evidentiary issues will arise in the future.

For reasons that include the volume of discovery, complexity of the case, and the number of defendants, the customary time limits set forth in the Speedy Trial Act for cases not designated as "complex cases" are unduly restrictive here. Accordingly, the United States requests that the Court enter an Order designating this case as a "complex case," within the meaning of 18 U.S.C. § 3161(h), and declaring that the ends of justice warrant excluding all time from computation under the Speedy Trial Act from the date of this filing until further Order of this Court.

                Respectfully submitted,

                DAVID H. ESTES
                UNITED STATES ATTORNEY

                */s/ Tania D. Groover*
                Assistant United States Attorney
                Georgia Bar Number 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422
E-mail: tania.groover@usdoj.gov