# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 5:21-cr-009 |
| ) | |
| MARIA LETICIA PATRICIO, ) | |
| DANIEL MENDOZA, ) | |
| NERY RENE CARRILLO-NAJARRO, ) | |
| ANTONIO CHAVEZ RAMOS, ) | |
| JC LONGORIA CASTRO, ) | |
| ENRIQUE DUQUE TOVAR, ) | |
| CHARLES MICHAEL KING, ) | |
| STANLEY NEAL MCGAULEY, ) | |
| LUIS ALBERTO MARTINEZ, ) | |
| DELIA IBARRA ROJAS, ) | |
| JUANA IBARA CARRILLO, ) | |
| DONNA MICHELLE ROJAS, ) | |
| JUAN FRANCISCO ALVAREZ CAMPOS ) | |
| ROSALVA GARCIA MARTINEZ, ) | |
| ESTHER IBARRA GARCIA, ) | |
| LINDA JEAN FACUNDO, ) | |
| GUMARA CANELA, ) | |
| DANIEL MERARI CANELA DIAZ, and ) | |
| CARLA YVONNE SALINAS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S UNOPPOSED MOTION
FOR A PROTECTIVE ORDER GOVERNING
<u>DISCOVERY FOR CERTAIN DEFENDANTS</u>**

The United States of America moves the Court for a protective order concerning the discovery in this case as it relates to certain[1] Defendants listed in the

---

[1] At this time, Defendants Margarita Rojas Cardenas and Brett Donavan Bussey oppose this motion, and the United States is working with defense counsel in an attempt to resolve the dispute.

1

above caption. The United States has conferred with counsel for Defendants listed in the above caption and they do not oppose this motion.

While the exchange of discovery is critical to the efficient and just resolution of this matter, the production of information in this type of case nonetheless contains inherent risks to privacy and safety interests of the parties and persons who are not parties to the litigation, such as witnesses and cooperating individuals, including but not limited to the disclosure of sensitive personally identifiable information.

### I.  Legal Authority

The Supreme Court has made clear that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); s*ee also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing "[t]he broad authority of the district court to regulate discovery" in a criminal case). Likewise, Federal Rule of Criminal Procedure 16 provides that courts "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The advisory committee notes to Rule 16 elaborate that courts should consider the economic harm to third parties when fashioning discovery protective orders. *See id.* advisory committee's note (1974 amendment) ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

Witnesses and victims sometimes face a significant risk of retaliation, intimidation, or other harm.  These risks are not limited to gang or violent crime cases. When there are legitimate concerns for a victim's or witness's safety, protective orders help prevent any intimidation or other harm to witnesses or victims.  *See, e.g.*, *United States v. Pelton*, 578 F.2d 701, 706-07 (8th Cir. 1978) (court properly issued a protective order preventing defendant's access to tape recordings in light of government's concern for the safety of cooperating sources whose identity was disclosed in the recordings).

In addition, the Government's interest in protecting an ongoing criminal investigation can establish good cause. *See United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013) (ongoing criminal investigation was good cause to issue protective order); *see also United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (affirming district court's refusal to unseal transcripts of *in camera* proceedings on the ground that it would damage continuing law enforcement investigations).  Other examples of provisions limiting disclosure of information include the grand jury secrecy provisions in Criminal Procedure Rule 6(e), and the prohibitions in Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510-2522) on the disclosure or "use" of the contents of any interception, 18 U.S.C. § 2511(1)(c) – (e).

## II.   Background

Twenty-four defendants are charged for their role in an international mail fraud, forced labor, and money laundering conspiracy.  Doc. 3.  The Indictment alleges

that members of this conspiracy mailed multiple false documents to the United States government seeking over 71,000 foreign workers to enter the United States to work for an agriculture employer, and fraudulently caused the United States to issue thousands of H-2A visas to foreign nationals. The Indictment further alleges that members and associates of this conspiracy exploited these foreign workers by demanding they pay unlawful fees, by holding their identification documents hostage, by recruiting workers to perform physically demanding work for little or no pay, by requiring workers to live in crowded, unsanitary, and degrading conditions, and by threatening workers with deportation and violence. The Indictment further alleges that members and associates of this conspiracy illegally profited over $200,000,000 from this illegal scheme. This case involves allegations that members of this conspiracy cheated the system by filing fraudulent paperwork for thousands of people to enter the United States, and then exploited and harmed vulnerable victims all for illegal gain. The United States' evidentiary file contains the personally identifying information of thousands of individuals who applied for H-2A visas, the personally identifying information of over a hundred victims who were exploited by this organization, and the personal identifying information of hundreds of individuals who names and contact information appear on documents submitted to the United States for employment, housing, and insurance information as part of the H-2A visa process. The United States' evidentiary file also contains hundreds of financial accounts related to third parties and tax return information.

### III.     Justification for Limited Disclosure

####         a. Personally Identifiable Information (PII)

Many of the materials the Government will produce or make available in discovery contain personally identifying information of victims, witnesses, and third parties. Such materials include search warrant affidavits, law enforcement reports, Grand Jury testimony, Grand Jury documents such as bank records of third parties, multiple federal wiretaps, recordings of meetings, cell phone images, criminal history records, and documents from the Department of Labor and the Department of State concerning the identity of thousands of foreign national workers. Because of the nature and length of the investigation, a substantial amount of information in the United States' evidentiary file includes names, social security numbers, dates of birth, addresses, and financial records of parties and non-parties.  Although, as a general matter, this type of information can be manually redacted, the Government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the Government to employ what would be a protracted redaction process. Moreover, placing the confidential personal information of third parties under a protective order puts the Government and Defendant on equal footing, both having full and open access to the same information. The United States seeks to make such materials subject to a protective order to allow the United States to disclose to defense counsel the entire contents of its evidentiary file, not just discovery limited to Rule 16 and materials subject to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v.*

*Agurs*, 427 U.S. 97 (1976), and their progeny.

      b. <u>Safety of Witnesses</u>

The criminal conduct alleged in the Indictment includes exploiting vulnerable people from foreign countries, such as Mexico, Guatemala, and Honduras. The allegations include that some members of the criminal origination forced workers to work for little to no pay to pay off illegal smuggling debts. The allegations also include that some members of the criminal organization were forced to work under the threat of violence or actual violence. Multiple witnesses have expressed fear of reprisal. In addition, the Indictment alleges that members of the conspiracy obstructed a federal grand jury investigation once they learned the identity of witnesses scheduled to testify before the federal grand jury.

      c. <u>Integrity of the Investigation</u>

Finally, the Government's investigation is ongoing. The compromise of case-related information, some of which will likely remain sealed to the public for some time, can only serve to impair its efforts and slow the administration of justice. Given the ease with which information can be shared online, and the impossibility of clawing it back once published, the Government seeks reasonable protections for its witnesses, third-parties, and for the integrity of its ongoing investigation.

**IV.   Conclusion**

Therefore, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States hereby moves for entry of a protective order in this case.

The United States respectfully requests that all discovery provided:

 (1) Be used by counsel of record only for purposes of representing his or her client in this action;

 (2) Be maintained in a safe and secure manner by each counsel of record;

 (3) Not be possessed by the defendant, except in the presence of the defendant's counsel; and

 (4) Not be disclosed in any form by either party in any format outside of this action, to include disclosure on social media.

Such discovery material may be disclosed by counsel only to the following designated persons:

 (1) Investigative, secretarial, clerical, and paralegal personnel;

 (2) Independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action; and

 (2) Other witnesses testifying to the contents of the document / material.

In addition, discovery may be provided to such other persons authorized by the Court upon motion of either party. The United States requests that counsel of record shall provide a copy of the protective order to any designated person to whom they disclose discovery material. Prior to disclosure of discovery material to any designated person, such designated person shall agree to be subject to the terms of the protective order.

The United States further requests the parties comply with Federal Rule of Criminal Procedure 49.1 with respect to any document they intend to use as an exhibit at trial, or they provide in public filings. Federal Rule of Criminal Procedure 16(d)(1) states, in part, at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. In addition, Rule 16.1

of the Local Rules for Criminal Cases for the Southern District of Georgia prohibits dissemination of discovery material beyond that necessary to the preparation of the defendants' defenses.

    WHEREFORE, the United States respectfully requests the Court enter a protective order governing the disclosure of discovery in this case.

                                      Respectfully submitted,

                                      DAVID H. ESTES
                                      UNITED STATES ATTORNEY

                                      */s/ Tania D. Groover*
                                      Tania D. Groover
                                      Assistant United States Attorney
                                      Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov