IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | CASE NO. CR 5:21-CR-009 |
| v.             ) | |
| ) | |
| MARIA LETICIA PATRICIO, *et al.*   ) | |

**UNITED STATES' NOTICE PURSUANT TO**
**FED. R. EVID. 404(B) AND SDGA LOCAL RULE 16.2**

The United States gives notice pursuant to Federal Rule of Evidence 404(b) and SDGA Local Rule 16.2 of its intent to introduce in its case-in-chief evidence of the following crimes, wrongs, and other acts, as well as the circumstances and facts surrounding the crimes, wrongs, and other acts, of the defendants identified below in this case.

### Defendant Maria Leticia Patricio

Between on or about August 18, 2013, and August 17, 2014, Defendant Maria Leticia Patricio was debarred from the H-2A labor certification program. On or about July 19, 2013, the Office of Foreign Labor Certification issued a Notice of Debarment based on Defendant Maria Leticia Patricio's failure to pay the necessary certification fee in a timely manner, which constituted a substantial program violation meriting debarment under 20 C.F.R. § 655.182(d)(2) and (e)(3). Defendant Maria Patricio did not submit rebuttal evidence, nor request a hearing before an Administrative Law Judge. As such, the Notice became final, and Defendant Maria Leticia Patricio was debarred from the H-2A labor certification program.

### Defendant Antonio Chavez Ramos, a/k/a Tony Chavez

Defendant Antonio Chavez Ramos, a/k/a Tony Chavez was in the United States illegally and did not have any documentation that would allow him to remain in the United States legally. As such, Defendant Antonio Chavez Ramos, a/k/a Tony Chavez could not participate in the H-2A labor certification program, could not serve as a farm labor contractor, and could not serve as an employer based in the United States.

### Defendant Delia Ibarra Rojas

Between on or about April 14, 2017, and April 14, 2020, Defendant Delia Ibarra Rojas was debarred from applying to the Department of Labor for H-2A certification. On or about June 29, 2015, Defendant Delia Ibarra Rojas was notified of an assessment issued against her by the Wage and Hour Division, United States Department of Labor, for a civil monetary penalty in the amount of $13,650 and back wages owed to 93 workers in the amount of $8,694.88. On or about August 6, 2015, Defendant Delia Ibarra Rojas failed to request a hearing and the determination of the assessment became final. On or about December 8, 2016, Defendant Delia Ibarra Rojas failed to pay the civil money penalty as instructed. As a consequence, in addition to the sanctions imposed pursuant to 29 C.F.R. § 501.19, the Administrator of the Wage and Hour Division found that Defendant Delia Ibarra Rojas violated a material term or condition of her temporary labor certification. As such, Defendant Delia Ibarra Rojas was debarred from applying to the Department of Labor for H-2A certification.

**Defendant Donna Michelle Rojas, a/k/a Donna Lucio**

Between on or about August 25, 2016, and August 24, 2017, Defendant Donna Michelle Rojas, a/k/a Donna Lucio was debarred from the H-2A labor certification program.  On or about July 26, 2016, the Office of Foreign Labor Certification issued a Notice of Debarment based on Defendant Donna Michelle Rojas, a/k/a Donna Lucio's failure to pay the necessary certification fee in a timely manner, which constituted a substantial program violation meriting debarment under 20 C.F.R. § 655.182(d)(2) and (e)(3).  Defendant Donna Michelle Rojas, a/k/a Donna Lucio did not submit rebuttal evidence, nor request a hearing before an Administrative Law Judge.  As such, the Notice became final, and Defendant Donna Michelle Rojas, a/k/a Donna Lucio was debarred from the H-2A labor certification program.

**Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas**

Between on or about August 10, 2013, and August 9, 2016, Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas was debarred from applying to the Department of Labor for H-2A certification.  Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas was notified of an assessment issued against her by the Wage and Hour Division, United States Department of Labor, for a civil monetary penalty in the amount of $19,600 (reduced from $25,500) and back wages owed to 79 workers in the amount of $25,807.16.  Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas failed to request a hearing and the determination of the assessment became final.  Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas failed to pay the civil money penalty as instructed.  As a consequence, the

Administrator of the Wage and Hour Division found that Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas violated a material term or condition of her temporary labor certification. As such, Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas was debarred from applying to the Department of Labor for H-2A certification.

### Defendant Rosalva Garcia Martinez, a/k/a Chava Garcia

Between on or about July 27, 2016, and July 27, 2018, Defendant Rosalva Garcia Martinez, a/k/a Chava Garcia was debarred from applying to the Department of Labor for H-2A certification for failing to respond to an audit request pursuant to C.F.R. § 655.182(d)(1)(vi) and (e)(3).

Documents and information reflecting the above listed information for the identified Defendants have been or will be produced as part of the United States' discovery productions.

The United States will introduce the specified crimes, wrongs, and other acts in its case-in-chief to show motive, intent, identity, knowledge, plan, and the lack of accident or mistake. *See United States v. Nerey*, 877 F.3d 956, 974-977 (11th Cir. 2017); *See United States v. Prophete*, 522 F. App'x 583, 585 (11th Cir. 2013).

The United States files this 404(b) notice out of an abundance of caution since the evidence of Defendants' debarment and illegal alien status is intrinsic evidence of the conspiracies in which the Defendants are charged in Count One, Count Eight, and Count Fifty-Three; and therefore, not subject to Rule 404(b). In particular, such evidence "is necessary to complete the story" of Defendants' crimes and "is

inextricably intertwined with the evidence regarding the charged offense." *United States v. Baptiste*, 618 F. App'x 593, 596 (11th Cir. 2015).

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Tania D. Groover***
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
E-mail: tania.groover@usdoj.gov