# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIA LETICIA PATRICIO,<br>DANIEL MENDOZA,<br>NERY RENE CARRILLO-NAJARRO,<br>ANTONIO CHAVEZ RAMOS,<br>ENRIQUE DUQUE TOVAR,<br>DELIA IBARRA ROJAS,<br>JUANA IBARRA CARRILLO,<br>DONNA MICHELLE ROJAS,<br>MARGARITA ROJAS CARDENAS,<br>JUAN FRANCISCO ALVAREZ CAMPOS,<br>ESTHER IBARRA GARCIA,<br>BRETT DONAVAN BUSSEY,<br>LINDA JEAN FACUNDO,<br>GUMARA CANELA,<br>CARLA YVONNE SALINAS,<br><br>             Defendant. | CASE NO.: :5:21-cr-9 |

## AMENDED SCHEDULING AND DISCOVERY ORDER

This matter is before the Court on Defendants' Oral Motions for Extension of Time to File Pretrial Motions presented during a telephonic status conference held on June 2, 2023, and the Court's August 16, 2023 motions hearing. During the status conference, the Court took Defendants' Oral Motion into consideration, noting it may be necessary to modify the schedule after a hearing on Defendants' motion for identification. Before the motions hearing, the Court extended the pretrial motions deadline until October 2, 2023. Doc. 603. However, during the August 16, 2023 motions hearing, the parties explained they have not completed processing and reviewing the massive amount of discovery in this case. Accordingly, the Court issues the following deadlines, findings, and instructions.

| EVENT | DEADLINE |
|---|---|
| Pretrial Motions by All Parties | December 15, 2023 |
| Defense Expert Disclosures (Fed. R. Crim. P. 16(b)(1)(C)) | December 15, 2023 |
| Status Report (No Motions Filed) | December 22, 2023 |
| Responses to Pretrial Motions | January 5, 2024 |
| Status Report (Motions Filed) | January 12, 2024 |

**Out-of-Time Pretrial Motions.** It is unlikely the Court will grant further requests for extensions of the pretrial motions deadline. However, the Court will consider requests to file individual out-of-time motions for good cause. A party may demonstrate good cause by showing an out-of-time pretrial motion could not have been filed before the pretrial motions deadline. For example, good cause may be shown where evidence supporting such a motion was not produced sufficiently before the motions deadline or such evidence was difficult or impossible to identify prior to the deadline.

**Status Report.** The parties shall submit the attached status report on the date set forth above, and failure to do so may result in the Court terminating all outstanding motions as resolved or waived.[1]

**Speedy Trial Findings.** The Court finds, as a matter of fact and law, the time the parties requested to review discovery, prepare and file pretrial motions, and obtain expert witness reports is not for the purpose of delay, but in the furtherance of justice, and to protect Defendants' rights to a fair trial. The Court also finds the request is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for counsel to effectively

---

[1] The Status Report form can be found on the Court's website: https://www.gasd.uscourts.gov/criminal-forms

2

prepare their case in that counsel needs additional time to review discovery, prepare and file pretrial motions, and obtain expert witness reports.  Specifically, the Court has considered the unique facts and circumstances of this case.  This case involves an extraordinarily large volume of discovery materials—in excess of 15 terabytes of information—and many of those materials are in Spanish.  The Government's production of discovery materials has been slow and protracted.  See, e.g., Doc. 429.  This case has been pending since October 5, 2021.  Doc. 1.  However, the Government did complete discovery production until February 1, 2023.  Doc. 549 at 3.  The Government did not provide a load file with all electronic discovery materials suitable for processing in a discovery review platform until May 31, 2023.  Doc. 601 at 2.  The defense discovery coordinator explained at the August 16, 2023 motions hearing it will take him until mid-November, 2023 to finish processing the load file and to make a searchable database of all discovery available to defense counsel.

All of these circumstances show an extension is absolutely necessary for the fair adjudication of this case.  Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the extension outweigh the best interests of the public and Defendant in a speedy trial, the Court grants an extension of time.  The period of time—October 2, 2023 through and including December 15, 2023—is excluded in computing the time within which trial of this matter may commence.

**Pretrial Motion Instructions.**  A party must file a separate motion for each form of relief sought; consolidated motions are not permitted.  A responding party may file a consolidated response to multiple motions when doing so does not create confusion or ambiguity.

3

In multi-defendant cases, a defendant shall not file a motion that merely adopts or incorporates by reference a motion or argument by a co-defendant.  Each defendant must file a separate motion containing a complete discussion of the evidence and arguments.  The Clerk assigns a unique number to each defendant in a multi-defendant case.  For example, in case 4:23-CR-55, the Clerk assigns the number one to the first defendant:  4:23-CR-55-<u>001</u>.  All motions and responses in multi-defendant cases must include the defendant-specific case number.

The Government and defense counsel are reminded of their responsibility under Federal Rule of Criminal Procedure 16.1 and Local Criminal Rule 16.1 to confer regarding discovery.  Considering the Government's customary practice of providing liberal discovery, many (if not all) routine discovery motions may be satisfied without the need for Court intervention.

**Rule 5 Instruction.**  In accordance with Fed. R. Crim P. 5(f)(1), the Court confirms the prosecutor's obligation to produce all exculpatory evidence to the defense in accordance with <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny.  Failure to timely perform these obligations may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions.  Given this confirmation, generalized motions seeking assurance of the Government' s compliance are unnecessary.

**Proposed Voir Dire and Jury Charges.**  Unless otherwise instructed by the presiding District Judge, counsel shall file all requests to charge and proposed voir dire questions at least seven days before jury selection.

**Witness Subpoenas.**  Counsel representing indigent defendants must make requests for witness subpoenas or writs for the production of prisoner witnesses at least fourteen days before the evidentiary hearing or trial.  Requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony.

**SO ORDERED**, this 15th day of September, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

v.

,

Defendant.

CASE NO.: :-CR-

**JOINT STATUS REPORT**

I. Date of Status Report Conference: _____

II. Conference Attendees:

| Name | Role |
|---|---|
|  |  |
|  |  |

III. Pretrial Motions.

☐ All pretrial motions have been satisfied or otherwise resolved.

☐ The parties have not resolved the following pretrial motions(s) and will require a ruling from the Court to settle the actual controversy or dispute:

| Motion Title and Docket Number | Opposed | Oral Argument Requested | Evidentiary Hearing Requested |
|---|---|---|---|
|  | Y/N | Y/N | Y/N |
|  | Y/N | Y/N | Y/N |
|  | Y/N | Y/N | Y/N |

This day, _____.

               /s/   _____
                  Assistant United States Attorney

               /s/   _____
                  Defense Counsel