# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 5:21-CR-009-1 |
| | ) | |
| MARIA LETICIA PATRICIO | ) | |

## PLEA AGREEMENT

Defendant Maria Leticia Patricio, represented by her counsel Juanita Marie Holsey, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.  <u>Guilty Plea</u>

Defendant agrees enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 1349.

2.  <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in the indictment; and (2) the defendant knew the unlawful purpose and willfully joined in it.

Defendant agrees that she is, in fact, guilty of Count One. She agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through October 2021, the precise dates being unknown, in Atkinson

County, Bacon County, Coffee County, Tattnall County, Toombs County, and Ware County, within the Southern District of Georgia, and elsewhere, the defendant, aided and abetted by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, to commit mail fraud, that is to execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341. The defendant further agrees that the object of the conspiracy was to make money from illegal activities, including mailing fraudulent Petitions seeking nonimmigrant H-2A visas for foreign workers, financially exploiting the foreign workers through forced labor, and then hiding the illegal proceeds through money laundering. The defendant agrees that members of the conspiracy operated in the manner and means as outlined in the Indictment. The defendant further agrees that the overt acts – as outlined in the Indictment – were committed by at least one conspirator in furtherance of the conspiracy and all done in violation of Title 18, United States Code, Sections 1349 and 2.

3.   Possible Sentence

Defendant's guilty plea will subject her to the following maximum possible penalties for Count One:  20 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all

forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4.      No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5.      Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.      Agreements Regarding Sentencing Guidelines

        a.      Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

      b.    <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7.    <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    <u>Cooperation</u>

      a.    <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Indictment and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.      Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced. Based on Defendant's substantial assistance, the government agrees it will recommend a sentence of 12 months and one day imprisonment.

9.      Restitution

Defendant agrees to pay restitution ordered by the Court for the full loss caused by Defendant's total criminal conduct. Defendant agrees that restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction. Defendant acknowledges that restitution is mandatory pursuant to 18 U.S.C. § 1593.

10.    <u>Forfeiture</u>

   a.    Defendant agrees to forfeit Defendant's interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense to which Defendant has agreed to plead guilty, specifically the items listed in Attachment A (collectively, the "Subject Property").  Further, Defendant states that Defendant is the sole and rightful owner of certain assets that are included in the larger list of Subject Property ("Defendant Property"), that, to the best of Defendant's knowledge, no other person or entity has any interest in the Defendant Property, and that Defendant has not transferred, conveyed, or encumbered the Defendant's interest in the Defendant Property.  The Defendant Property includes $7,592 in cash.

   b.    Defendant waives and abandons all right, title, and interest in the Subject Property.  Defendant agrees and consents to the forfeiture of the Subject Property pursuant to any federal criminal judicial, civil judicial, or administrative forfeiture action.  Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government.  Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property.  If any such document has already been filed, Defendant hereby withdraws that filing.

   c.    Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case.  Defendant further agrees to waive the

requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case, including but not limited to the Subject Property. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

11. Abandonment of Property

Defendant waives and abandons Defendant's interest in any property that may have been seized in connection with this case, including but not limited to the Subject Property.

12. Debarment

Pursuant to this plea agreement, Defendant, and any successor in interest to Defendant, will be debarred from receiving a temporary labor certification from the Department of Labor under the H-2A program for a period of three years commencing at the end of the 30-day period immediately following the date of sentencing. Therefore, Defendant agrees that she and any successor in interest, will be debarred and disqualified under the U.S. Department of Labor's regulations at 20 C.F.R. § 655.182, for a period of three years commencing at the end of the 30-day period

7

immediately following the date of sentencing, and this agreement constitutes notice of such action as specified in 20 C.F.R. § 655.182(f).

13.   Waivers

   a.   Waiver of Appeal

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b.   Waiver of Collateral Attack

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

   c.   FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

8

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.      Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

    e.      Waiver of Debarment Appeal Provisions

Defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. The defendant has also been fully apprised of the appeal provisions applicable to the debarment and disqualification from filing any H-2A labor certification applications under the U.S. Department of Labor's regulations at 20 C.F.R. § 655.182 and accepts such debarment and disqualification as final agency action.

14.    Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty,

including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

15. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented him faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

16. Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

17. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

7-22-24
Date

Patricia G. Rhodes ← Greg Gilluy
Dep Chief, Criminal Division

June 5, 2024
Date

Tania D. Groover
Georgia Bar No. 127947
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

4/18/2024
Date

Maria Leticia Patricio
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

4/18/2024
Date

Juanita Marie Holsey
Defendant's Attorney

11

# Attachment A

| Asset / Item ID Description | Seizure Date | Seizure/Aband No |
|---|---|---|
| 21-DSS-000471 Cash seized pursuant to federal search and seizure warrant 3:21cr00002. These warrant is currently underseal. | 06/01/2021 | 21CR00002 |
| 21-DSS-000472 Cashed seized pursuant to federal search and seizure warrant. | 06/01/2021 | 21CR00002 |
| 21-DSS-000473 Mexican Pesos seized during federal search and seizure warrant | | 21CR00002 |
| 21-DSS-000474 18 US gold coins | | 21CR00002 |
| 21-DSS-000475 Cash seized pursuant to federal search and seizure warrant. | 06/01/2021 | 21CR00002 |
| 22-DSS-000006 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000007 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000008 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000009 Safe deposit box 330 Search and Seizure. This AIN is for the cash found in the box. | 11/17/2021 | 419MJ67 |
| 22-DSS-000010 Cash found pursuant to federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000011 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000012 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000013 Cash contents of FNB South Safe Deposit Box 113. | 11/17/2021 | 419MJ67 |
| 22-DSS-000014 Cash seizure from Safe Deposit Box 70 at FNB South, Alma GA. | 11/17/2021 | 419MJ67 |
| 22-DSS-000015 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000016 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000017 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000018 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000019 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000022 1964 Chevy Impala VIN 41447016054 Title No. 161540090097 | 11/17/2021 | 419MJ67 |
| 22-DSS-000023 1997 Mercedes Benz E300D VIN WDBJF20F8VA365187 | 11/17/2021 | 419MJ67 |
| 22-DSS-000025 2001 TRMO VIN 1PT01JAH616001627 | 11/17/2021 | 419MJ67 |
| 22-DSS-000028 2006 Toyota 4 Runner VIN JTEZU17R968043067 | 11/17/2021 | 419MJ67 |
| 22-DSS-000029 2014 Audi Q7 VIN WAUAGD4L2ED002678 | 11/17/2021 | 419MJ67 |
| 22-DSS-000030 2016 Chevy Express G3500 VIN 1GAZGPFG6G1154130 | 11/17/2021 | 419MJ67 |
| 22-DSS-000032 2011 Ford SRW Super Duty VIN 1FTBF2BT6BED04675 | 11/17/2021 | 419MJ67 |
| 22-DSS-000033 2017 GMC Sierra K1500 S VIN 3GTU2NEC7HG196103 | 11/17/2021 | 419MJ67 |
| 22-DSS-000035 2020 Nissan Altima VIN 1N4BL4EV0LC128307 | 11/17/2021 | 419MJ67 |
| 22-DSS-000037 2014 Jeep Grand Cherokee VIN 1C4RJFBG7EC497040 | 11/17/2021 | 419MJ67 |
| 22-DSS-000040 2015 Jeep Wrangler Sahara VIN 1C4GJWBG2FL697235 | 11/17/2021 | 419MJ67 |
| 22-DSS-000041 2015 Ford Escape VIN 1FMCU0GX7FUC40003 | 11/17/2021 | 419MJ67 |
| 22-DSS-000042 2018 Ford F150 Super Crew VIN 1FTEW1E57JFB87539 | 11/17/2021 | 419MJ67 |
| 22-DSS-000045 2017 Ford F150 Super Crew VIN 1FTEW1EF7HFA63841 | 11/17/2021 | 419MJ67 |
| 22-DSS-000048 Bank of America Cashier's Check No. 6198626659 in the amount of $287.65. | 11/17/2021 | 419MJ67 |
| 22-DSS-000049 United Community Bank Official Check #6364844 | 11/17/2021 | 419MJ67 |
| 22-DSS-000050 Ameris Bank Official Check number 0925784 in the amount of $230,640.08 | 11/17/2021 | 419MJ67 |
| 22-DSS-000053 FNB South official check number 160848 for $5921.34 | 11/17/2021 | 419MJ67 |
| 22-DSS-000055 Synovus bank check number 537004755 for $20269.23. | 11/17/2021 | 419MJ67 |
| 22-DSS-000056 SunTrust/Truist Official check number 3291112249 in the amount of $23593.60. | 11/17/2021 | 419MJ67 |
| 22-DSS-000057 SunTrust official check number 3291112250 in the amount of $243.63 | 11/17/2021 | 419MJ67 |
| 22-DSS-000063 APN or Owner/VIN (if SFD Manufactured Home): 039 00 039. 102 Ashley Ln, McRae Helena, GA 31055, Telfair County County | | CR-00009 |
| 22-DSS-000064 APN or Owner/VIN (if SFD Manufactured Home):0097B096 204 Circle Drive, Douglas, GA 31533 | | CR-00009 |
| 22-DSS-000065 APN or Owner/VIN (if SFD Manufactured Home): 0115 112A 206 JIM RD, DOUGLAS, GA 31533 | | CR-00009 |
| 22-DSS-000066 APN or Owner/VIN (if SFD Manufactured Home): C066 043 6447 US Hwy 319 N, Omega, GA 31775, Colquitt County County | | CR-00009 |
| 22-DSS-000067 APN or Owner/VIN (if SFD Manufactured Home): 0044-015 01 & 0044-015 02 6996 Axson Rd, Axson, GA 31624 | | CR-00009 |
| 22-DSS-000068 Cash seized pursuant to a federal search and seizure warrant at 208 Napolito Rd., Nicholls, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000069 Cash seized pursuant to a federal search and seizure warrant at 114 Pine Thicket Road, Douglas, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000070 Cash seized pursuant to a federal search and seizure warrant at 90 Napolito Rd, Nicholls, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000071 Cash seized pursuant to a federal search and seizure warrant from 410 West 6th St, Tifton, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000072 $78.18 Foreign Currency | 11/17/2021 | 419MJ67 |