UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARIA LETICIA PATRICIO (01),

        Defendant.

Case No.: 5:21-CR-09-01

**SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

The most humiliating, full circle moment for Maria Patricio is seeing part of her demise through the very thing that gave her family a start. Mrs. Patricio is the daughter of migrant workers and like her parents, she spent a long portion of her life working various types of fields. As she got older, her mother started a business completing H2A applications. Just like she followed her mother in the fields and worked with her there, she also begin working with her mother when she started doing H2A applications. Neither she nor Her mother completed any formal training. However, her mother taught her as much as she could about how to complete H2A applications and other immigration forms. Mrs. Patricio coupled that with her knack for building relationships and she was able to foster relationships that helped her in processing applications.

Her mother also instilled in her the importance of supporting her community. Mrs.

Patricio has dedicated her life to helping the Spanish speaking community and this process of learning what she helped do to her own community has been very difficult for her. It was not her intentions for people to come to this Country and be mistreated. She believes America is the home for opportunity to grow a family and a legacy without the risk or jeopardy of being beaten, kidnapped, or worse, killed for pennies on the dollar for refusing to cooperate with various cartels. While the dream she thought she was helping others achieve, quickly turned into a nightmare for some, it was devastating to her to know just how bad the conditions for the workers were.

     Mrs. Patricio was raised to believe that giving back to her community was the only way to ensure that her community would be successful in the future. While she ran a business, she also gave selflessly her time and resources to help people. Like her mother, she became the pillar of her community because she was able to understand legalese, connect people to others who could help, and provide translation services to ensure that language barriers did not stunt people's growth.

     Not only did she become a pillar of her community she is the matriarch of her family. She is the oldest daughter of her parents and has been the glue of the family since her mother died in 2016. Every year she hosts her entire family for major holidays. She supports her siblings, her children, and her grandchildren. Even while these charges were pending, she continued to provide support for her family. She was born into a family of seven children, though one of her siblings died in childhood. Mrs. Patricio went on to have four of her own children. She maintains a very close relationship with all four of her

children. She still supports them in various ways, including providing free childcare for her grandchildren.

On November 17, 2021, she was arrested and subsequently released on a secured bond on November 23, 2021. Since then, she has complied with all of her bond conditions which included location monitoring, prohibited contact with her son and other co-defendants, monitoring by United States Probation, and many of the conditions proposed for supervised release. Doc.124. For approximately ten months, Mrs. Patricio submitted to ankle monitoring and complied with those conditions without issue. Mrs. Patricio has been on pretrial supervision for one thousand one hundred seventy-six days (3 years, 2 months, and 19 days) without any violations. During that time Mrs. Patricio has continued to support and help her family, continued her commitment to her church, and continued to work and support her family business, OK Corral. (See attached Letters of Support)

Mrs. Patricio, at the age of 63, faces a guideline range of 41 to 51 months with a recommended sentence of 12 months and one day from the Government and United States Probation. She has entered a guilty plea one count of conspiracy to mail fraud for the fraudulent petitions she prepared, and the hundreds of people brought over under the petitions she completed.

While Mrs. Patricio does not deny that her actions led to the harm of others, it is worth noting that her conduct is different than many of her co-defendants. As highlighted during her change of plea hearing, there is no evidence that Mrs. Patricio participated in

any of the day-to-day operations that negatively impacted so many. She did not participate in collecting illegal fees from the any of the workers brought over. She did not remove any passports from the workers and was not found to be in possession of anyone's passports. She did not direct the locations where workers were taken, she did not participate in determining the number of hours the workers worked each day. Mrs. Patricio did not keep any workers from having proper breaks. She also did not interfere with their ability to get food or medical attention as needed.

Even with not having had a direct impact on the lives of the workers, there is substantial restitution in this case attributed to Mrs. Patricio. Restitution has been calculated at $314,369.31. Although this amount is joint and several with multiple other co-defendants, she believes some of her co-defendants will be deported and will end up not paying very much of the restitution if any. That will leave her responsible for a substantial portion of this restitution.

In considering the factors in 18 U.S.C. 3553(a), the nature and circumstance of the defendant, the history and characteristics of the defendant, the need to avoid unwarranted sentencing disparities, and the need to provide restitution are all at issue in this case.

Most significant in this case is her age. In *Gray*, the Court of Appeals upheld a departure that was greater than half of the defendant's applicable guideline range based on factors including age.[1] In Williams, the Court upheld a sentence below the guideline range, where the defendant was sentenced to less than half the time of his applicable

---

[1] *U.S. v. Gray*, 453 F. 3d 1323 (11th Cir. 2006).

guideline range.[2] The Department of Justice has found that "management problems with elderly inmates, ... are intensified in the prison setting and include: vulnerability to abuse and predation, difficulty in establishing social relationships with younger inmates, need for special physical accommodations in a relatively inflexible physical environment."[3] Elderly is defined throughout the report as age 50 or older.

For all of the reasons outlined above, Mrs. Patricio, her family and counsel respectfully request this court impose a sentence of probation.

Respectfully, submitted this 15th day of October, 2024.

The Holsey Law Firm, LLC

*/s/ Juanita M. Holsey*
Juanita M. Holsey
Attorney for Defendant
Georgia Bar No: 172161

P.O. Box 132
Jesup, GA 31598
T:   912.208.2353
F:   877.349.4076
Email:   juanita@holseylaw.com

---

2 *U.S. v. Williams*, 435 F.3d 1350 (11th Cir. 2006).
3 *See Correctional Health Care, Addressing the Needs of Elderly, Chronically Ill, and Terminally Ill Inmates, U.S. Dept. of Justice National Institute of Corrections, 9, 10 (2004).*

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2025, I served upon all parties a copy of the foregoing Sentencing Memorandum and Motion for Downward Departure and/or Variance in accordance with the notice of electronic filing (NEF), which was generated as a result of electronic filing in this Court.

Dated this 9th day of February, 2025.

The Holsey Law Firm, LLC


*/s/ Juanita M. Holsey*
Juanita M. Holsey
Attorney for Defendant
Georgia Bar No: 172161

P.O. Box 132
Jesup, GA 31598
T:  912.208.2353
F:  877.349.4076
Email:  juanita@holseylaw.com